The PEOPLE of the State of Colorado, Complainant,

v.

Joseph P. GENCHI, Attorney–Respondent.

No. 92SA496.

Supreme Court of Colorado, En Banc.

March 22, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for Attorney–Respondent.

PER CURIAM.

The respondent in this attorney disciplinary matter was charged with conduct involving dishonesty, fraud, deceit, or misrepresentation, and the neglect of a legal matter. He did not appear or answer before the Supreme Court Grievance Committee, and he has not appeared in this court. A hearing panel approved the hearing board's recommendation that the respondent be suspended from the practice of law for one year and one day, and be assessed the costs of the proceeding. We accept the panel's recommendation.

## I

The respondent was admitted to the bar of this court on April 17, 1970, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent was suspended from the practice of law for six months in 1992, *People v. Genchi,* 824 P.2d 815 (Colo.1992), and he has not been reinstated. Since the respondent did not answer the complaint filed by the assistant disciplinary counsel, a default was entered and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based on the complaint, and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

On January 9, 1991, the Guarantee National Insurance Company (Guarantee) filed a complaint for declaratory judgment against Ronald Marsaw (Marsaw) and Elona Marsaw. The complaint arose from a claim by Ronald Marsaw for bodily injury allegedly caused by a vehicular assault committed by Elona Marsaw. Marsaw claimed that Guarantee was obligated to pay for these injuries because it was Elona Marsaw's motor vehicle insurer. Marsaw retained the respondent to represent him.

The respondent filed an answer and counterclaim to Guarantee's complaint, asserting that the complaint for declaratory relief was frivolous and was brought in bad faith. Although the respondent asserted a cross-claim against Elona Marsaw, he never served her. Marsaw told the respondent that he was married to and living with Elona Marsaw at the time of the vehicular assault. Guarantee's liability insurance policy contained a household exclusion provision which excluded coverage for bodily injury to the insured or a relative. Nevertheless, the respondent filed the claim asserting liability and he failed to withdraw the claim when the exclusion was brought to his attention.

Guarantee filed a motion for judgment on the pleadings pursuant to C.R.C.P. 12(c) on July 1, 1991, alleging that Marsaw was excluded from coverage under the policy because he was a member of the insured's family, was living in the insured's household at the time of the assault, and that Elona Marsaw's actions were intentional. All are exclusions under the policy of insurance. Guarantee requested an award of attorney's fees against the respondent and Marsaw under C.R.C.P. 11 and sections 13–17–101 to –106, 6A C.R.S. (1987 & 1992 Supp.), asserting that Marsaw's claims were frivolous. The respondent did not reply to the motion, and on July 23, 1991, the district court entered judgment in favor of Guarantee, specifically noting that Marsaw had failed to file a response to the opposing counsel's motion for judgment as required by C.R.C.P. 121 § 1–15. The respondent took no steps to appeal the judgment and did not notify Marsaw that the judgment had been entered.

Guarantee filed a motion for award of attorney's fees on August 2, 1991, attaching an affidavit setting forth the amount of the attorney's fees incurred for defending a frivolous action. The respondent did not respond to this motion and he did not advise Marsaw that it had been filed. The district court entered judgment against both the respondent and Marsaw for attorney's fees in the amount of $1,387.50. In the order, the court noted that no timely response to the bill of costs or affidavit of attorney's fees was filed. The respondent took no action to appeal the judgment of attorney's fees and he did not notify Marsaw that the judgment had been entered.

In November 1991, the respondent contacted Marsaw and misrepresented to him that the claim against Guarantee was unsuccessful only because of the intentional act exclusion clause of the policy. The respondent failed to inform Marsaw that admissions contained in the answer filed by the respondent were sufficient to cause judgment in favor of the insurance company, and were in fact the basis for the entry of declaratory judgment. Moreover, the respondent did not advise Marsaw of the award of attorney's fees against him al-

though the respondent received a copy of the judgment in December 1991. Marsaw only learned of the attorney's fees award against him as a result of the investigation conducted by the disciplinary counsel two months later.

In short, the respondent failed to serve the cross-claim on Elona Marsaw, he advanced a defense that was not warranted by the facts and existing law, he failed to respond to several motions, he did not keep Marsaw appropriately informed of the status of the case, and he misrepresented to Marsaw the basis for the declaratory judgment in favor of the insurance company.

As the hearing board concluded, the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).[1]

## II

The hearing panel recommended that the respondent be suspended for one year and one day and be assessed the costs of the proceeding. The assistant disciplinary counsel has not excepted to the panel's recommendation, and the respondent has not appeared in this court. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. Further, "[s]uspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." *Id.* at 4.62.

The respondent has a significant history of prior discipline. *Id.* at 9.22(a). He received letters of admonition in 1972 and 1980, and we privately censured the respondent in 1978 and again in 1991. He was suspended for six months and received a public censure in 1992. *See Genchi,* 824 P.2d 815. The hearing board also found that the respondent refused to acknowledge the wrongful nature of his conduct, ABA *Standards* 9.22(g); and that he has substantial experience in the practice of law, *id.* at 9.22(i). The respondent did not appear or answer the complaint or submit any evidence and the hearing board found no factors in mitigation. In fact, the respondent's utter failure to appear before the grievance committee and before this court is itself an aggravating factor. *Id.* at 9.22(e).

Although the respondent's neglect and misrepresentation in this proceeding is limited to one client, it is nevertheless serious misconduct. Given the respondent's prior discipline and his apparent indifference to these proceedings, a significant period of suspension is warranted. *See, e.g., People v. Raubolt,* 831 P.2d 462 (Colo.1992) (neglect, dishonesty, and misrepresentation in client matters over period of years, abandonment of clients, and complete disregard of proceedings before grievance committee and supreme court warranted three-year suspension). Accordingly, we accept the hearing panel's recommendation.[2]

---

1. The complaint did not charge a violation of DR 7–102(A)(2) (in representing a client, a lawyer shall not knowingly advance a claim or defense that is unwarranted under existing law). The respondent defaulted before the hearing board, however, and it would not be appropriate to amend the complaint to charge a violation of DR 7–102(A)(2).

2. The hearing board also recommended that, as a condition of reinstatement, the respondent pay any unpaid portion of the judgment against him and Marsaw for attorney's fees in the de-

claratory judgment action. In the event that Marsaw has paid all or a portion of such judgment, the board recommended that the respondent be required to reimburse Marsaw, plus interest at the statutory rate. The hearing panel's action did not indicate whether it was approving this restitution requirement or not. Given the abbreviated record in these default proceedings, we decline to affirmatively order that the respondent pay the judgment or make restitution to Marsaw.

Should the respondent petition for reinstatement, however, he shall be required to demon-

### III

It is hereby ordered that Joseph P. Genchi be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Genchi must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is also ordered that Genchi pay the costs of this proceeding in the amount of $144.36 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

---

strate, among the other requirements, his rehabilitation by clear and convincing evidence. C.R.C.P. 241.22(b). Whether the respondent can establish that he has satisfied the judgment for attorney's fees, or has reimbursed Marsaw for amounts that Marsaw has paid on the judgment, will be a significant factor in demonstrating such rehabilitation.