**The PEOPLE of the State of Colorado, Complainant,**

v.

**Steven Jon SMITH, Attorney–Respondent.**

**No. 94SA403.**

Supreme Court of Colorado,
En Banc.

Jan. 17, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Steven Jon Smith, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board that the respondent [1] be suspended from the practice of law for one year and one day and be assessed costs. Neither the respondent nor the assistant disciplinary counsel has filed exceptions to the panel's action. We accept the hearing panel's recommendation and order that the respondent be suspended for one year and one day and pay costs.

### I

The parties submitted a stipulation of facts and violations of the Code of Professional Responsibility to the hearing board. The respondent testified in mitigation. Based on the stipulation and the evidence presented at the hearing, the board found that the following facts had been established by clear and convincing evidence.

On February 2, 1989, Alvin C. Moore fell at a Safeway store in Fort Collins, Colorado, and injured the back of his head.[2] Moore subsequently fell in his bathtub on April 25, 1989, and was admitted to a hospital where he underwent emergency surgery to remove a blood clot from his brain. After his fall at Safeway, but prior to April 25, 1989, Moore and his relatives believed that he was experiencing neurological deterioration.

Moore retained the respondent in July 1989 to represent him in seeking a settle-

---

1. The respondent was admitted to the bar of this court on October 16, 1974, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

2. Moore died in June 1994 at the age of 91, as the result of medical problems unrelated to this case.

ment from Safeway. The contingent fee agreement provides that the respondent was only to settle the claim for the fall at Safeway; no litigation was authorized. The respondent wrote to Moore's treating physician, who responded in July 1989 that Moore had in fact undergone emergency surgery to have a blood clot removed in April 1989, that Moore's prognosis was excellent for a full recovery, that Moore had not sustained any permanent disability, and that Moore would not require any further medical care for the injury.

In August 1989, the respondent sent demand letters seeking payment for Moore's fall at Safeway. The respondent received no written responses. In the fall of 1989, he recommended to Moore that suit be filed. Although the respondent never filed any legal action on Moore's behalf, he misrepresented to Moore that a trial had been scheduled for December 12, 1989. Before December 12, 1989, the respondent misrepresented to Moore that the trial had been continued. The respondent subsequently continued to misrepresent to his client that there were additional continuances and new trial settings.

The statute of limitations on Moore's claims arising from his fall at Safeway expired in February 1991. In February 1992, the respondent told Moore that a settlement in the amount of $3,250.00 had been reached with Safeway. Moore agreed to accept the settlement. Although in fact no settlement had been reached, the respondent paid Moore $2,267 ($3,250 less the respondent's contingent fee) with a personal check. The assistant disciplinary counsel and the respondent have stipulated that the amount paid to Moore by the respondent was a fair settlement for any claim Moore may have had against Safeway.

In August 1992 Moore asked the respondent for copies of the settlement documents and the check from Safeway. The respondent did not initially comply. However, he eventually sent Moore a copy of a manufactured letter purportedly sent by the respondent to an insurance agent, acknowledging an offer of settlement. Moore called the insurance agent and discovered that the in-surance company had no record of Moore's claim. Safeway informed Moore that it had not settled his claim, and Moore later learned that no lawsuit had been filed on his behalf.

The respondent has admitted that his conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client).

II

The hearing panel approved the hearing board's recommendation that the respondent be suspended for one year and one day. The assistant disciplinary counsel and the respondent have waived the filing of exceptions to the panel's action and recommendation of discipline. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42. Further, "[s]uspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." *Id.* at 4.62.

In mitigation, the board found that during part of the time of the respondent's misconduct, his wife, a military nurse, was sent to the Persian Gulf during the Gulf War; that the respondent was concerned for her safety; and that his family responsibilities increased. *Id.* at 9.32(c) (personal and emotional problems are a mitigating factor). In addition, the respondent was cooperative during the disciplinary proceedings, *id.* at 9.32(e), and exhibited remorse for his misconduct, *id.* at 9.32(*l*).

A significant aggravating factor, however, is the respondent's prior discipline. *Id.* at 9.22(a). The respondent was publicly censured in February 1989 for neglecting a legal matter and for misrepresenting the status of the case to his clients. *People v. Smith,* 769 P.2d 1078 (Colo.1989). In addition, the respondent had a dishonest and selfish motive, *id.* at 9.22(b); and committed multiple offenses, *id.* at 9.22(d).

In the absence of the respondent's prior discipline, we might consider a shorter period of suspension than that recommended by the hearing panel to be adequate. *See, e.g., People v. Gaimara,* 810 P.2d 1076 (Colo.1991) (lawyer suspended for six months for neglecting legal matter resulting in the running of statute of limitations, and for subsequent misrepresentations to conceal the neglect). Given the nature and similarity of the respondent's previous discipline, however, we conclude that suspension for one year and one day is warranted. *See, e.g., People v. Genchi,* 849 P.2d 28 (Colo.1993) (lawyer suspended for one year and one day for failing to file cross-claim and for further neglect of case, compounded by misrepresentations to client with respect to the case and by the lawyer's previous disciplinary history). Accordingly, we accept the hearing panel's recommendation.

### III

It is hereby ordered that Steven Jon Smith be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is also ordered that the respondent pay the costs of this proceeding in the amount of $299.05 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.