The PEOPLE of the State of
Colorado, Complainant,

v.

Robert Kevin KELLEY, Attorney–
Respondent.

No. 92SA339.

Supreme Court of Colorado,
En Banc.

Nov. 9, 1992.

Linda Donnelly, Disciplinary Counsel,
Sandra J. Pfaff, Asst. Disciplinary Counsel,
Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the hearing board's recommendation that the respondent in this attorney discipline proceeding be disbarred, be required to make full restitution before applying for readmission, and be assessed the costs of the proceeding. The assistant disciplinary counsel has not excepted to this recommendation. The respondent did not appear before the grievance committee and has not appeared in this court. We accept the panel's recommendation.

I

The respondent was admitted to the bar of this court on October 17, 1977, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). Because of the allegations which are the subject of this proceeding, we temporarily suspended the respondent from the practice of law pending further order of the court, on January 29, 1992. C.R.C.P. 241.8. Since the respondent did not appear and did not answer the formal complaint filed against him, the allegations of fact contained in the complaint were deemed admitted. People v. Crimaldi, 804 P.2d 863, 864 (Colo.1991). Based on the default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following allegations and charges of misconduct were established by clear and convincing evidence.

A

In May 1991, Richard McVaney authorized the respondent, his attorney, to sell 12,400 units in a coal royalty investment for $50,000. The respondent drafted an agreement for the sale to a group of investors. Sometime after May 1991, the respondent collected $50,000 for the purchase of the units, paid $14,000 of the proceeds to the Internal Revenue Service and $4,000 to McVaney's former attorney, as instructed, and converted the balance of $32,000 to his own use and benefit. The respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 9–102(B)(3) (a lawyer shall not fail to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property); DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

B

The respondent was the president of the education fund of the Most Precious Blood

Church. In April and May, 1990, the respondent wrote two checks on the fund for $42,000 and $45,000, made payable to Danbury USA, Inc., without the permission or authorization of the church. The respondent was an officer and director of Danbury USA, Inc. In May 1990, the pastor of the church asked the respondent to immediately return the funds, but the respondent failed to do so. In December 1990, the respondent wrote a check for $145,000 to the education fund. The check was returned due to insufficient funds.[1] The respondent's conduct violated DR 1–102(A)(4), DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.6(5).

## C

While serving as an officer and director of Danbury USA, Inc., in late 1990, the respondent converted 15,000 shares of Somatogenetics International stock owned by Danbury. At about the same time, the respondent restored to the Most Precious Blood education fund some of the funds he had taken. He conveyed the 15,000 shares of stock to the education fund without the permission or authorization of Danbury USA, Inc. The respondent's conduct violated DR 1–102(A)(4), DR 1–102(A)(6), and C.R.C.P. 241.6(5).

## D

On July 25, 1990, the respondent borrowed $35,000 from Randolph S. Atwater, Esq. The respondent executed a promissory note which provided that he would repay Atwater the principal plus interest at the rate of 10% per annum within seven days of the date on the note. On August 8, 1990, the respondent wrote a check payable to Atwater in the amount of $35,101.74. The check was twice returned for insufficient funds. On November 8, 1990, a default judgment was entered against the respondent in favor of Atwater in the amount of $143,103.32.[2] The respondent has neither repaid the loan nor satisfied the judgment. His conduct violated DR 1–102(A)(4) and DR 1–102(A)(6).

## II

The hearing panel approved the board's recommendation that the respondent be disbarred, be required to make full restitution prior to applying for readmission, and be assessed the costs of the proceeding.[3] The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards*), prescribe disbarment under these circumstances. In the absence of mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11. *See also id.* at 5.11 (disbarment appropriate for serious criminal conduct involving misrepresentation, misappropriation, or theft). The respondent has previously received a letter of admonition for professional misconduct. Because of the respondent's default, the hearing board found no circumstances in mitigation. Disbarment of the respondent is also the only justifiable disciplinary sanction under our prior case law. *E.g., People v. Finesilver,* 826 P.2d 1256, 1258 (Colo. 1992). Accordingly, we accept the recommendation of the hearing panel that the respondent be disbarred.

## III

It is hereby ordered that Robert Kevin Kelley be disbarred and that his name be

1. The hearing board states that it is unclear whether full restitution has been made to the education fund.

2. The board found it unclear whether this judgment included interest, statutory treble damages, attorney's fees and costs.

3. The panel also approved the board's recommendation that, prior to readmission, the respondent "be required to demonstrate by clear and convincing evidence that the events or condition that precipitated his repeated and serious misconduct are no longer operative or present...." Because the record before us does not reveal what "events or condition" the panel and board had in mind, and because the procedure regarding readmission after disbarment, C.R.C.P. 241.22(a), contains adequate safeguards, we decline to impose this additional condition.

stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that Kelley pay the costs of these proceedings in the amount of $544.40 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. It is further ordered that, prior to any application for readmission, the respondent make restitution in full to the victims described above in this opinion. The burden will be upon the respondent at any future readmission proceedings to prove that he has returned all of the converted funds to the reasonable satisfaction of each aggrieved victim, and has repaid to Atwater the $35,000 loan plus statutory interest from July 25, 1990, until paid.