**The PEOPLE of the State of Colorado, Complainant,**

v.

**Joseph R. FARRANT, Attorney–Respondent.**

**No. 93SA51.**

Supreme Court of Colorado, En Banc.

May 17, 1993.

---

Linda Donnelly, Disciplinary Counsel, Sandra J. Pfaff, Asst. Disciplinary Counsel, Denver, for complainant.

Joseph R. Farrant, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a majority of the hearing board that the respondent be suspended from the practice of law for sixty days and be assessed the costs of the proceeding. We accept the panel's recommendation.

I

██ The respondent was admitted to the bar of this court on December 1, 1987, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent did not answer the amended complaint filed by the assistant disciplinary counsel and as a result, the presiding officer of the hear-

ing board entered an order of default against the respondent. C.R.C.P. 241.13(b). The allegations of fact contained in the amended complaint were thereby deemed admitted. *People v. Kelley*, 840 P.2d 1068, 1068 (Colo.1992); *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). The record reflects that on May 18, 1992, the respondent received notice that the final hearing was to be held on October 16, 1992, as required by C.R.C.P. 241.14(a). Although he was entitled to attend the final hearing notwithstanding the entry of default, C.R.C.P. 241.13(b), the respondent did not do so. The respondent has not objected to the entry of default or requested that it be set aside, *see* C.R.C.P. 241.13(b), did not object to the board's report and has not filed any exceptions to the hearing panel's action in this court. Based on the two-count amended complaint, and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

II

Count 1

The respondent was retained in April, 1989, by Colorado Forensics and Toxicology, Inc. (Colorado Forensics), to file a Chapter 11 bankruptcy. Maura A. Sisemore (Sisemore), the complaining witness, had a 50% ownership interest in Colorado Forensics. The respondent filed the bankruptcy petition on June 26, 1989, but over the following months there was little progress toward formulating a reorganization plan and the case remained dormant. Financial and other disputes arose between Sisemore and Kathey Verdeal, Ph.D, Sisemore's partner. Both parties accused the other of improprieties and Dr. Verdeal subsequently sold her interest in Colorado Forensics to Sisemore.

██ On October 30, 1990, the respondent filed an application for compensation with the bankruptcy court, seeking approximately $11,000 in fees. Sisemore filed an objection to the application on November 21, 1990. The respondent wrote to Sisemore

on December 13, 1990, enclosing a copy of a motion to withdraw. In the cover letter, respondent stated:

> You'll find enclosed a copy of our motion to withdraw from representation of Colorado Forensics and Toxicology. You'll also find enclosed a copy of the letter which I have prepared for Leo Weiss [the United States Trustee]. I have not mailed this letter to Mr. Weiss, nor do I wish to do so. My desire at this point is to withdraw as Counsel for Colorado Forensics and Toxicology and to be paid for my expenses. I would prefer that the Company survive; however, I think that if this letter is disclosed to Mr. Weiss and the [Bankruptcy] Court; or if there is a hearing on attorney fees then testimony at that hearing through myself, Kathy [sic] Verdeal and or Shane Madison, will probably result in the Court taking action which will probably destroy the company.
>
> I don't send you this letter by any means as an extorsive device for my fees. I think it would be in the best interest for both you and I if some arrangements were made to pay me if I were allowed to withdraw as Counsel and in order that you could find someone who might best proceed for whatever course the Company seems to be appropriate.
>
> I hope that I will hear from you with a response which will allow us to resolve this by the 19th of December, otherwise I feel that I should direct this letter to Mr. Weiss and proceed to prepare for what might ensue.

In addition to the motion to withdraw, the respondent enclosed a copy of a letter he drafted, but did not send, to the United States Trustee assigned to the bankruptcy matter. The letter to the trustee purported to reveal criminal activity on the part of a principal of the corporation. It is notable that the respondent's letter to the trustee implied that he would be disclosing client confidences or secrets. In effect, the respondent threatened criminal prosecution in order to induce Sisemore to withdraw her objection to his application for attorney's fees and to immediately pay respondent the fees requested. The respondent's application for fees was never acted on, and the bankruptcy proceeding was dismissed in February 1991.

As the hearing board concluded, the respondent's conduct violated DR 7–105(A) (a lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter).

## Count 2

■ The respondent filed a civil action on behalf of Rebecca Sefried (Sefried) against the Shelter General Insurance Company (Shelter) in Boulder County District Court on July 11, 1988. The complaint sought the recovery of personal injury protection benefits for injuries Sefried sustained in an automobile accident. Sefried was a passenger in a car in which the driver's negligence was the probable cause of the accident. Although Sefried had claims for damages in addition to reimbursement of medical expenses, the respondent never asserted any such claims, despite Shelter's obligation to compensate Sefried for such claims. The case went to arbitration on November 13, 1989, and the respondent filed a demand for trial de novo on January 9, 1990.

On May 23, 1990, the counsel for Shelter served a set of interrogatories upon the respondent. When the respondent failed to serve a response within the time provided, Shelter's counsel wrote a demand letter on July 2, 1990, to the respondent. When respondent did not answer the demand letter, counsel for Shelter filed a motion to compel on July 11. The motion to compel was granted on August 6, 1990, after the respondent failed to file a response. The court ordered the plaintiff to file a response to Shelter's interrogatories and ordered that Sefried pay defendant Shelter $100 in compensation for attorney's fees by August 16.

The respondent took no action to respond to the interrogatories or to pay the assessed attorney's fees. On August 31, 1990, counsel for Shelter filed a motion for

sanctions. The respondent did not reply to this motion, and on September 26, 1990, the court entered an order requiring that plaintiff comply with discovery requests and that attorney's fees in the amount of $250 be paid by October 20, 1990, or else plaintiff's complaint would be dismissed. The court clarified its order on October 18, stating that the award of attorney's fees was assessed against the respondent personally.

The respondent did not cause his client to provide the ordered discovery and did not pay the attorney's fees as required. In response, the defendant moved to dismiss Sefried's complaint. The respondent filed a response to the motion to dismiss, representing to the court that he had recently located his client and that he would respond to the discovery within five days. When he failed to do so, the court dismissed the complaint with prejudice on November 27, 1990.

On December 10, 1990, the counsel for the defendant moved the court to enter judgment against the respondent and his client and such judgment was entered on January 2, 1991. When the respondent failed to appear pursuant to a subpoena in a C.R.C.P. 69 proceeding, a bench warrant issued. On May 30, 1991, a request for investigation was filed with the Office of Disciplinary Counsel. Shortly thereafter, the respondent paid the attorney's fee awards to the defendant's counsel.

The hearing board properly determined that the respondent's conduct violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), and DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); as well as C.R.C.P. 241.6(4) (any act or omission which constitutes gross negligence, if committed by a lawyer in his capacity as a lawyer, constitutes grounds for lawyer discipline).

III

Two of the three members of the hearing board recommended that the respondent be suspended for sixty days and the hearing panel approved this recommendation; however, the board was unanimous in its conclusion that respondent's conduct constituted misconduct. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. The respondent's chronic and continued neglect in the Sefried matter is properly characterized as "willful." *People v. Williams*, 824 P.2d 813, 814 (Colo.1992). The respondent's client sustained actual injury when her complaint was dismissed with prejudice because of the respondent's inexcusable inaction.

Moreover, the respondent's threat to reveal client confidences or secrets and to thereby cause criminal proceedings to be initiated against his client if his fee was not paid would itself justify suspension. *See* ABA *Standards* 6.22 (suspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client).

Two members of the hearing board found the following factors in aggravation: (1) in threatening to cause the institution of criminal proceedings against his client in order to collect his fee, the respondent acted with a selfish or dishonest motive, *id.* at 9.22(a); he engaged in multiple offenses, *id.* at 9.22(c); and (3) the respondent has refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g). In addition, the majority determined that the respondent had failed to participate meaningfully in the proceedings since his initial answer and that he failed to appear before

the board.[1] The only mitigating factors found were the absence of a prior disciplinary history, *id.* at 9.32(a); and that the respondent was relatively inexperienced in the practice of law, *id.* at 9.32(f).

Given the seriousness of the respondent's misconduct in these two separate instances and his failure to participate meaningfully in the disciplinary proceedings after the amended complaint was filed, we find that a sixty-day period of suspension is warranted and is appropriate. *See People v. Crimaldi,* 804 P.2d 863 (Colo. 1991) (sixty-day suspension imposed where lawyer failed to prepare two wills promptly and professionally as agreed and where respondent defaulted before the hearing board and did not appear in supreme court, but where misconduct was mitigated by absence of prior disciplinary record). Accordingly, we accept the hearing panel's recommendation.

## IV

It is hereby ordered that Joseph R. Farrant be suspended from the practice of law for sixty days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.-21(a). It is further ordered that Farrant pay the costs of this proceeding in the amount of $436.96 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

---

1. The dissenting member of the hearing board would not have concluded that the respondent's failure to answer the amended complaint or appear before the hearing board was an aggravating factor. We disagree. The respondent's default and total failure to participate in the proceedings after the amended complaint was filed, both before the grievance committee and before this court, is a factor in aggravation. *People v. Genchi,* 849 P.2d 28, 30 (Colo.1993).