The PEOPLE of the State of
Colorado, Complainant,

v.

Joe R. FARRANT, Attorney–Respondent.

No. 94SA203.

Supreme Court of Colorado,
En Banc.

Oct. 11, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board that the respondent, Joe R. Farrant,[1] be suspended from the practice of law for three years. We basically accept the panel's recommendation.

I

The respondent did not answer or otherwise respond to the complaint filed herein by the assistant disciplinary counsel. As a result, the factual allegations contained in the complaint were deemed admitted and the hearing board entered an order of default against the respondent. C.R.C.P. 241.13(b); *People v. Kelley*, 840 P.2d 1068, 1068 (Colo. 1992). Based on the amended complaint and exhibits admitted during the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

The respondent was retained in September 1988 by the complaining witnesses, husband and wife, for the purpose of filing for bankruptcy. The respondent initiated bankruptcy proceedings on behalf of his clients later that month. In December 1988, the bankruptcy was converted from a Chapter 7 to a Chapter 13 proceeding. A reorganization plan was confirmed on July 18, 1989.

In June 1991, the bankruptcy trustee moved to dismiss the bankruptcy proceedings due to the failure of the respondent's clients to make required payments. The respondent filed a motion for post-confirmation modification, together with an amended plan and plan analysis. The bankruptcy court at first confirmed the amended plan, but subsequently vacated that order and scheduled a hearing for September 17, 1991, to consider the trustee's objection to the motion. The respondent failed to notify his clients of the hearing, and neither he nor his clients appeared. Consequently, the respondent's motion for post-confirmation modification was denied.

---

1. The respondent was admitted to the bar of this court on December 1, 1987, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

**2**

In November 1991, the trustee filed another motion to dismiss the bankruptcy proceedings. When the respondent failed to respond to the motion, the bankruptcy court dismissed the bankruptcy proceedings on November 13, 1991. The case file was closed in January 1992. The respondent did not request reconsideration of the dismissal order.

The hearing board found that "[a]t the time the bankruptcy was dismissed, complaining witnesses had approximately four installment payments left under their Chapter 13 reorganization. As a result of respondent's inaction and the dismissal, complaining witnesses owed their creditors approximately $17,000 instead of $1,700 had the bankruptcy been preserved." As the hearing board concluded, the respondent's failure to appear at or to notify his clients of the September 17, 1991, hearing; his failure to respond to the November 1991 motion to dismiss; and his failure to move for reconsideration of the dismissal order violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer). In addition, the respondent's failure to answer the complaint or to otherwise appear before the hearing board violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties).

## II

The hearing panel approved the hearing board's recommendation that the respondent be suspended for three years and be assessed costs. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. The respondent's continued neglect in the bankruptcy matter is properly characterized as "willful." *People v. Williams,* 824 P.2d 813, 814 (Colo.1992). The complaining witnesses sustained actual injury when their bankruptcy was dismissed, and the respondent engaged in a pattern of misconduct. ABA *Standards* 9.22(c) provides that a pattern of misconduct is an aggravating factor for the purpose of imposing discipline. In *People v. Farrant,* 852 P.2d 452 (Colo.1993), we suspended this same respondent for sixty days for misconduct similar to that in the present case.[2]

The hearing board found the following additional factors in aggravation: a bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with the rules and orders of the disciplinary agency, ABA *Standards* 9.22(e); a refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); and the vulnerability of the victims, *id.* at 9.22(h). The hearing board found no mitigating factors. It is also noteworthy that the respondent did not participate meaningfully in the previous disciplinary proceeding, *Farrant,* 852 P.2d at 455–56, and that he has taken no part in these proceedings.

We accept the recommendation of the hearing panel that the respondent be suspended for three years and be assessed the costs of these proceedings. However, because the factual findings of the hearing board do not establish any specific amount of financial injury to the complaining witnesses, we do not accept the board's general recommendation that restitution be imposed as a condition of reinstatement. Should the respondent seek reinstatement, he shall be required to demonstrate his rehabilitation by clear and convincing evidence. C.R.C.P. 241.22(b). In addition, the respondent will be required to establish as a condition of reinstatement that he has reimbursed the complaining witnesses for any sums they actually lost due to his professional misconduct. *See People v. Terborg,* 848 P.2d 346, 347 (Colo.1993).

2. Because the misconduct in this case preceded the 60–day suspension, it is considered a part of a pattern rather than a prior discipline. *See People v. Williams,* 845 P.2d 1150, 1152 n. 3 (Colo.1993).

## III

It is hereby ordered that the respondent, Joe R. Farrant, be suspended from the practice of law for three years, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that the respondent pay the costs of this proceeding, in the amount of $316.00, prior to any application for reinstatement to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202–5435. The respondent must comply with the provisions of C.R.C.P. 241.22(b) through (d) prior to reinstatement and, as a further condition of reinstatement, must demonstrate that he has repaid the complaining witnesses in an amount equal to any sums they actually lost due to the respondent's professional misconduct.