The PEOPLE of the State of
Colorado, Complainant,

v.

Thomas C. SINGER, II, Attorney–
Respondent.

No. 95SA125.

Supreme Court of Colorado,
En Banc.

June 5, 1995.

---

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Thomas C. Singer, II, Englewood, pro se.

## PER CURIAM.

The respondent and the assistant disciplinary counsel executed a conditional admission of misconduct in this lawyer discipline proceeding. C.R.C.P. 241.18. The parties recommended that the respondent be suspended from the practice of law for a period of time ranging from two to three years. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission, and recommended a three-year suspension. We accept the conditional admission and the inquiry panel's recommendation.

### I

The respondent was admitted to the Colorado bar in 1974, and is subject to the jurisdiction of this court and its grievance committee. He stipulated to the following facts and conclusions in the conditional admission.

### A

On August 5, 1992, the respondent issued a $600 check to a former employee for wages. The check was drawn on the respondent's bank account. The check was returned for insufficient funds, although the respondent later exchanged the check for cash.

The respondent admitted that between January 1991 and August 1992, he wrote fifty-one checks that were returned for insufficient funds. All of these checks were either paid upon representment or replaced with sufficient funds checks. The respondent has stipulated that his conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline).

### B

In March 1991, the respondent was retained by Andrea and Richard Roberts to represent them in a civil action involving the purchase of real property. Although the respondent collected a $1,000 fee from the Roberts, he never formally entered an appearance in the already pending civil action, he never filed any pleadings in the action, and did not provide an accounting or refund to the Roberts. The respondent's conduct violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); DR 6–101(A)(1) (a lawyer shall not handle a legal matter which the lawyer knows or should know that the lawyer is not competent to handle); and DR 9–102(B)(3) (failure to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property).

### C

The respondent was hired by an officer of a limousine corporation to file a Chapter 11 bankruptcy proceeding to protect the corporation's assets from creditors. The respondent filed the Chapter 11 proceeding, but this did not stay any creditors of the corporate officers or of the predecessor limousine corporation. The respondent failed to appear at creditor meetings in August and September 1991. The lawyer for the United States Trustee filed a motion to dismiss the Chapter 11 proceeding, or to convert it to Chapter 7. No response to the motion was filed since the respondent told the corporate officer that the proceeding would be dismissed. Instead, the bankruptcy court converted the action to a Chapter 7 proceeding.

The officer obtained the assistance and advice of another lawyer, and then moved to dismiss the Chapter 7 proceeding. The respondent failed to refund the $2,500 fee he had been paid, although the officer made several requests that he do so. In addition, the bankruptcy court denied the respondent's motion to withdraw as lawyer for the limousine corporation debtor.

While he was still serving as the corporate debtor's counsel, however, the respondent was retained by individuals to file a Chapter

7 bankruptcy proceeding on their behalf, which he did on November 20, 1991. One of the creditors of the individuals listed in this bankruptcy proceeding was the limousine corporation.

The respondent admitted that the foregoing conduct violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on the lawyer's fitness to practice law); DR 5–105(B) (a lawyer shall not continue multiple employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve him in representing different interests); DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 9–102(B)(3) (failure to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property).

### D

A client retained the respondent in 1990 to represent him in a bankruptcy. The attorney fee agreement provided that the client would convey the title to his automobile to the respondent, who would then assume the loan balance on the car. The bill of sale for the car stated that the respondent would assume the loan, and hold the client harmless against any claims asserted by the holder of the promissory note, VNFSC of Oklahoma, or the claims of other third parties arising out of the respondent's ownership and use of the car.

In fact, the respondent filed no loan assumption documents. Between December 1990 and December 1992, the respondent made payments on the car from a corporate account, although seventeen of the payments were more than thirty days late. When the client applied for a loan to refinance his mortgage in May 1993, he was turned down because of the late payment history on the car.

According to the records of the Colorado State Motor Vehicle Department, the vehicle is still titled in the client's name, with VNFSC listed as lien holder. It appears that four sets of license plates have been used on the car. Between October 1990 and July 1994, there have been forty-six parking violations issued on the car, primarily for meter and license plate violations. Approximately $80 in fines remain outstanding.

The respondent's conduct in this matter violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 5–104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise the lawyer's professional judgment therein for the protection of the client, unless the client has consented after full disclosure); and DR 6–101(A)(3) (neglect of a legal matter).

### E

The respondent represented a client in 1990 in her Chapter 13 bankruptcy. In 1993, her mortgage lender offered to release her on the mortgage debt for $40,000. The respondent on many occasions failed to take the required actions to amend the bankruptcy, resulting in serious complications in the proceeding, and he unreasonably failed to communicate with his client. His misconduct, occurring after the effective date of the Rules of Professional Conduct, violated R.P.C. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client, and shall not neglect a legal matter entrusted to that lawyer); and R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

### F

Sheryl Kavanaugh retained the respondent in March 1993 to file a Chapter 7 bankruptcy. The bankruptcy was filed in May 1993, and the following month the holder of the

loan on the client's car filed for relief from the stay. Relief was denied and in August 1993, the respondent and Kavanaugh reached an agreement with the lender for Kavanaugh to reaffirm the loan on the vehicle, which the client wanted to keep. The lender never received the signed copy of the reaffirmation agreement, however, although Kavanaugh made double car payments in August and September 1993. Kavanaugh's vehicle was repossessed by the lender in October 1993, after the respondent could not be contacted. On October 15, 1993, Kavanaugh reached the respondent and demanded that he pay approximately $200 in fees associated with the repossession. The respondent wrote to Kavanaugh and promised to pay the repossession fees incurred if she believed that he was at fault. Although she presented him with the charges, the respondent did not reimburse her.

As the respondent admits, his conduct violated R.P.C. 1.3 (failure to act with reasonable diligence and neglect of a legal matter).

### G

Two former bankruptcy clients of the respondent asked him to obtain the necessary authorization from the bankruptcy court for them to refinance their home. The respondent collected a $300 fee to handle the matter, and the clients stressed the need for promptness so that they could refinance before interest rates rose. In violation of R.P.C. 1.3, the respondent did not act with reasonable promptness or diligence, and thirty-year mortgage interest rates rose before the respondent completed the necessary paperwork.

### II

The respondent has agreed to the imposition of a suspension ranging from two to three years, with reinstatement contingent on the satisfaction of certain supplementary conditions. The inquiry panel recommended that the respondent be suspended for three years.

The gravamen of the misconduct in this case is the respondent's extensive and prolonged neglect and misrepresentation of nu-merous client matters. Such continued neglect is considered "willful." *People v. Farrant,* 883 P.2d 1, 2 (Colo.1994). The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that, in the absence of aggravating or mitigating factors, suspension is appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

In mitigation, the respondent has had no previous discipline in twenty years of practice. *Id.* at 9.32(a). However, because of the considerable pattern of neglect and deception in client matters over a period of years, a three-year suspension is the minimum acceptable sanction even in the absence of prior discipline. *People v. Raubolt,* 831 P.2d 462, 464 (Colo.1992). Accordingly, we accept the conditional admission of misconduct, and the inquiry panel's recommendation.

### III

It is hereby ordered that Thomas C. Singer, II, be suspended from the practice of law for three years, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is ordered that, as a condition of reinstatement, Singer demonstrate that he has provided full restitution, plus interest, to Sheryl Kavanaugh. It is further ordered, as an additional condition of reinstatement, that Singer show that he has provided a satisfactory accounting to the Roberts and a refund if one is warranted pursuant to the accounting. It is further ordered that Singer pay the costs of this proceeding in the amount of $593.33, within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.