**The PEOPLE of the State of Colorado, Complainant,**

v.

**Mark Louis DAVIS, Attorney–Respondent.**

**No. 97SA407.**

Supreme Court of Colorado, En Banc.

Jan. 12, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Mark Louis Davis, Pro Se.

## PER CURIAM.

The parties in this lawyer discipline case submitted a stipulation, agreement, and conditional admission of misconduct under C.R.C.P. 241.18 to an inquiry panel of the supreme court grievance committee. In the conditional admission the respondent consented to either a private or public censure. The inquiry panel approved the conditional admission and recommended that the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation of discipline.

## I.

The respondent was licensed to practice law in Colorado in 1985. The conditional admission provides that Dale Campbell, the president of Born Again Cabinets Inc., spoke with the respondent regarding the possibility of filing for bankruptcy. The respondent determined that a Chapter 11 bankruptcy would be the most beneficial, but told Campbell that because he was relatively inexperienced in Chapter 11 cases, he would have to associate with a lawyer experienced in Chapter 11. The respondent suggested a particular lawyer to serve as lead counsel. After conferring with Campbell, Campbell's private attorney, and the respondent, the new lead counsel prepared the bankruptcy petition and filed it the following Monday, November 15, 1993, in the U.S. Bankruptcy Court (bankruptcy court).

After the petition was filed, the debtor made a payment of $5,031 by way of two checks payable to Born Again which were endorsed to the respondent and the respondent's co-counsel on or about November 15, 1993. The $5,031 was a payment for pre-petition legal services and an advance fee for services to be performed after the petition was filed. One check for $4,000 was placed in the respondent's trust account and cleared about December 23, 1993. The other check for $1,031 was endorsed to the lead counsel who deposited the check into his operating account.

The respondent then wrote a check to co-counsel for $4,000 who placed these funds in his operating account. Co-counsel gave the respondent a check for $950, representing payment for the respondent's legal services both before and after the filing of the petition. The respondent deposited this into his operating account. There was no written fee agreement between the lawyers and the debtor.

Neither the respondent nor his co-counsel filed a statement of compensation required by 11 U.S.C. § 329 (1994) and Fed. R. Bankr. P.2016(b). Moreover, they did not file an application for payment of fees by the debtor as required under 11 U.S.C. § 330 (1994) and Fed. R. Bankr.P.2016(a). The respondent indicates that it was agreed that co-counsel would be responsible for filing the documents required by the bankruptcy rules. In any event, the respondent did not verify that the

appropriate documents were filed. The funds paid to the respondent and co-counsel were advance fees for services to be performed on an hourly basis. The respondent does not know if the debtor ever received a bill or accounting for services performed.

The respondent made a motion to withdraw as counsel for Born Again on January 3, 1994, and the motion was granted on January 21. The case was converted to a Chapter 7 on February 7, 1994, and a trustee was appointed. After reviewing the financial records, the trustee moved for disgorgement of attorney fees on July 29, 1994. The debtor hired a new lawyer, who joined the trustee's motion.

On August 8, 1994, the former lead counsel moved for approval of his earlier application of employment, but the motion was denied because the application was deficient. The respondent filed an affidavit related to employment for the debtor, representing that he and his co-counsel had been paid for work done before the petition was filed. The affidavit did not indicate the amount paid, the arrangement for the division of fees, or give an accounting of time and services performed.

A hearing on the disgorgement motion was scheduled for September 16, 1994. On that date, the former lead counsel applied for compensation, revealing the prior payment of $5,031 and asking for an additional $1,154. He attached an accounting showing 17.7 hours of pre-petition work by the respondent and himself at $150 per hour, totaling $2,655; 22.7 hours post-petition work for $3,405; plus unspecified costs of $125. The accounting indicated that the respondent spent 1.8 hours pre-petition and 0.5 hours post-petition, for a total of $345.

The bankruptcy judge ruled from the bench that because the respondent and co-counsel had failed to make the disclosures required by 11 U.S.C. § 329 they had to disgorge all of the $5,031 paid to them within thirty days. The respondent's co-counsel was ordered to pay the $5,031 first and then he could recoup any funds paid to the respondent. The trustee drafted and submitted a proposed order reflecting the bench ruling. On November 18, 1994, the bankruptcy court, however, ordered disgorgement of the fees from the respondent and co-counsel, and made them jointly and severally liable for payment. The U.S. District Court affirmed the bankruptcy court order. Despite the fact that he received only $950 of the fees, the respondent has satisfied the entire disgorgement order. The respondent's co-counsel has made no payments.

The respondent has admitted that because he failed to file the pleadings required by federal statutes and bankruptcy rules to be employed as counsel and for disclosure and authorization of compensation, he violated Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). The complainant has stipulated that although the respondent "reasonably relied in good faith on [co-counsel] to file all required pleadings, he failed to insure they were in fact filed." He also violated Colo. RPC 3.4(c) by failing to promptly comply with the disgorgement order.

The respondent violated Colo. RPC 1.5(a) (charging an unreasonable fee), by receiving the $950 but failing to file an application with the bankruptcy court for payment of fees and disclosing that the fees had been paid. These fees were never approved by the court. Finally, the respondent violated Colo. RPC 1.15(a) (failing to properly segregate and safeguard client funds) when he did not place the $950 in his trust account.[1]

## II.

The conditional admission recommended that the respondent receive either a private or public censure. The inquiry panel recommended a public censure. Ordinarily, at least a short period of suspension would be appropriate in a case like this. The ABA *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*) provides in the absence of aggravating or mitigating factors, that "[s]uspension is generally appropriate when a lawyer knows *or should know* that he is dealing improperly with client property and causes injury or potential injury to a client." ABA *Standards* 4.12 (emphasis added). And, "[s]uspension is ap-

---

1. The complainant indicates that because the evidence would support the conclusion that the

propriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22. On the other hand, a public censure is "appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." *Id.* at 6.23.

According to the complainant, the following factors are present in aggravation: the respondent was previously disciplined by a one-year suspension for accepting marijuana in exchange for legal services, *see People v. Davis,* 768 P.2d 1227, 1230 (Colo.1989); ABA *Standards* 9.22(a); there is a pattern of misconduct, *see id.* at 9.22(c); multiple offenses are present, *see id.* at 9.22(d); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i).

In mitigation, the respondent did not have a dishonest or selfish motive, *see id.* at 9.32(b); he was suffering from personal and emotional problems at the time of the misconduct, *see id.* at 9.32(c); he has made full and free disclosure to the disciplinary authorities, *see id.* at 9.32(e); another penalty or sanction in the form of the disgorgement order has been imposed on him, *see id.* at 9.32(k); and the respondent has expressed remorse for the misconduct, *see id.* at 9.32(*l* ).

The identity of the respondent's co-counsel reinforces the conclusion that the respondent's misconduct is largely attributable to his unlucky choice and unwise reliance on co-counsel. The lawyer whom the respondent associated with and relied on was Thomas C. Singer, II. Following the disgorgement order in this case, we suspended Singer for three years for his extensive and prolonged neglect of other bankruptcy matters. *See People v. Singer,* 897 P.2d 798, 801 (Colo. 1995).

Taking the factors in mitigation and aggravation together with the seriousness of the misconduct, we have concluded that a public censure is an adequate disciplinary sanction. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

---

respondent performed sufficient services to earn the $950, a violation of Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, de-

### III.

Mark Louis Davis is hereby publicly censured. It is ordered that he pay the costs of this proceeding in the amount of $47.98 within thirty days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

---

ceit, or misrepresentation), as originally charged, should be dismissed.