**The PEOPLE of the State of Colorado, Complainant,**

v.

**Randolph Alonzo SIGLEY, Attorney–Respondent.**

**No. 97SA405.**

Supreme Court of Colorado, En Banc.

Jan. 20, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Randolph Alonzo Sigley, Manitou Springs Pro Se.

PER CURIAM.

The complainant and the respondent in this lawyer discipline case executed a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. The parties recommended that the respondent be suspended for thirty days and be required to petition for reinstatement. An inquiry panel of the grievance committee approved the conditional admission and its recommendation of discipline. We accept the conditional admission.

I.

The respondent has been licensed to practice law in Colorado since 1984. According to the conditional admission, the respondent represented Larry and Alice Anderson in a real estate matter in 1994. The respondent's associate performed work on the case. The Andersons paid the respondent $500 on May 12, 1994, and $620 on June 8, 1994, for a total of $1,120. He placed both of these advance fee payments in an interest-bearing account, although it was not a trust account registered with the Colorado Lawyer Trust Account Foundation (COLTAF). *See* Colo. RPC 1.15(e)(2).

The Andersons later hired another lawyer to represent them. The new lawyer requested that the respondent provide him with the Andersons' file and refund any unused portion of the advance fee. On August 1, 1994, the respondent told the Andersons that he would refund $350 of their fee once it was available, claiming his associate had stolen money from the trust account. He would not

be able to make a refund, however, until his associate repaid him and until she returned the time slips which she had also taken.

On August 16, 1994, the respondent wrote to the new lawyer and provided an itemized accounting which showed attorney fees in the amount of $1,512.50 for 12.1 hours, plus copying charges, for a total of $1,542.50. Subtracting the $1,120 they had paid him, the Andersons owed the respondent $422.50.

In July 1994, the respondent and his associate had an argument regarding her termination. During the discussion, the respondent telephoned the District Attorney's Office and spoke with an assistant district attorney about the filing of criminal charges against his associate for allegedly withdrawing funds improperly from their joint bank account. The respondent filed a report with the District Attorney's Office on July 13, 1994.

He wrote to his former associate's lawyer on August 18, inquiring whether she was planning on making restitution so as to avoid a felony filing against her. A copy of the letter was sent to an assistant district attorney. On September 2, the respondent advised the associate's lawyer that she would have to send him a check for $5,500 or he would request that the district attorney proceed. On September 7, he indicated that he would be filing a civil action against the associate and contacting an assistant district attorney at the economic crime division about going forward with the criminal case.

On September 20, 1994, the respondent wrote a letter to the assistant district attorney and asked him to proceed against his former associate. A copy of the letter was sent to the associate's lawyer. Criminal charges were brought against the associate, but they were ultimately dismissed for reasons not disclosed in the conditional admission.

■ The respondent admitted that the foregoing conduct violated Colo. RPC 1.15(e)(2) (unless interest on the client's funds is paid to the client, the funds shall be deposited in a COLTAF trust account). Moreover, by threatening to and then participating in presenting criminal charges against his associate solely to gain an advantage in a civil matter, the respondent violated Colo. RPC 4.5, as well as Colo. RPC 8.4(d) (engaging in conduct that is prejudicial to the administration of justice).

## II.

■ The inquiry panel approved the conditional admission and its recommendation that the respondent be suspended for thirty days and be required to petition for reinstatement pursuant to C.R.C.P. 241.22(b)–(d). The complainant indicates that the respondent's failure to either pay his clients the interest on their funds or to deposit the funds in a COLTAF account did not cause great harm because the amounts in question were relatively small and the interest earned relatively minor. We view the respondent's threatening criminal prosecution to obtain an advantage in a civil matter as the more serious offense, and one that by itself would warrant at least a short suspension. Under the ABA *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22.

In *People v. Farrant*, 852 P.2d 452, 454 (Colo.1993), the lawyer violated DR 7–105(A), the precursor to Colo. RPC 4.5,[1] by threatening to present criminal charges solely to obtain an advantage in a civil matter. We said that

---

1. The prohibition of DR 7–105(A) was deliberately omitted from the ABA Model Rules because it was thought too broadly worded and because other provisions of the Model Rules would effectively regulate extortionate behavior. *See* ABA/BNA *Lawyers' Manual on Professional Conduct* § 71:603 (1994); *see also In re Yarborough*, 327 S.C. 161, 488 S.E.2d 871, 874 n. 5 (1997). By continuing DR 7–105(A)'s prohibition on threatening or presenting criminal charges to obtain an advantage in a civil matter through adoption of Colo. RPC 4.5, we have determined that the abuse of the criminal process by lawyers is serious enough to warrant its own rule.

the respondent's threat to reveal client confidences or secrets and to thereby cause criminal proceedings to be initiated against his client if his fee was not paid would itself justify suspension. *See* ABA *Standards* 6.22 (suspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client).

852 P.2d at 455; *see also People v. Smith,* 773 P.2d 522, 525 (Colo.1989) (suspending lawyer for one year and one day for violating DR 7–105(A), among other offenses).

This case is similar to the facts of *In re Yarborough,* 327 S.C. 161, 488 S.E.2d 871 (1997). The lawyer in that case sent a letter to his client promising that he would not pursue a criminal case he had instituted against the client for breach of trust with fraudulent intent if she paid him the total amount he thought she owed him for his representation of her in a civil case. *Id.,* 488 S.E.2d at 873. He indicated that if the restitution he sought was not received by December 31, 1992, he would pursue the criminal case against her. *Id.* Yarborough was suspended for six months for this misconduct. *Id.* at 875; *see also In re Strutz,* 652 N.E.2d 41, 48 (Ind.1995) (lawyer suspended for two years for, in addition to other misconduct, accusing his client of criminal blackmail and threatening to present criminal charges against the client solely to gain an advantage in settling a civil action); *In re Porter,* 393 S.W.2d 881, 882 (Ky.1965) (inducing and coercing secretary into making false affidavit accusing client of criminal offense in order to deter the client from pursuing monetary claim against lawyer warranted disbarment); *cf. Burrell v. Disciplinary Bd.,* 777 P.2d 1140, 1144 (Alaska 1989) (while suspension is appropriate when lawyer knowingly violates of DR 7–105(A), a public reprimand is proper for negligent violation).

We note that the respondent has been previously disciplined, which is an aggravating factor for determining the proper sanction. *See* ABA *Standards* 9.22(a). He has received four letters of admonition, two in 1993, one in 1994, and one in 1996. We suspended the respondent in June 1996 for thirty days for failing to return the unused portion of a client's advance fee, failing to disclose a conflict of interest in another matter, and for pursuing an invalid reaffirmation agreement in an action against a client. *See People v. Sigley,* 917 P.2d 1253, 1256 (Colo. 1996).

In mitigation, the complainant states that the respondent has not sought to be reinstated from the 1996 suspension because these proceedings were pending. *See* ABA *Standards* 9.32(k) (imposition of other penalties or sanctions is a mitigating factor).

Taking all of the foregoing factors into account, we conclude that an additional suspension for thirty days with the requirement of reinstatement proceedings is an adequate sanction. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III.

It is hereby ordered that Randolph Alonzo Sigley be suspended from the practice of law for thirty days, effective immediately upon the issuance of this opinion. The respondent is also ordered to pay the costs of this proceeding in the amount of $94.81 within thirty days of the date of this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Sigley shall not be reinstated until he has complied with C.R.C.P. 241.22(b)–(d).

