The PEOPLE of the State of Colorado, Complainant,

v.

Thomas C. SINGER, II, Attorney–Respondent.

No. 97SA460.

Supreme Court of Colorado, En Banc.

March 9, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

The hearing panel in this lawyer discipline case approved the findings and recommendation of a hearing board that the respondent be disbarred and make certain restitution as a condition of readmission. The respondent defaulted before the grievance committee and he has not appeared before this court. We accept the panel's and board's recommendations, and order that the respondent be disbarred.

I.

The respondent was licensed to practice law in Colorado in 1974. In 1995, we suspended him for three years for his extensive and prolonged neglect of bankruptcy matters. *See People v. Singer,* 897 P.2d 798, 801 (Colo.1995). He did not answer the formal complaint filed in this case so an order of default was entered against him. The allegations of fact in the complaint were therefore admitted. *See* C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented at the hearing, the board determined that the following had been established by clear and convincing evidence.

A. Count I.

Dale Campbell, the president of Born Again Cabinets, spoke with attorney Mark Davis about the possibility of filing for bankruptcy.[1] Davis determined that a Chapter 11 bankruptcy would be the most beneficial, but suggested that Campbell hire the respondent who had more experience in Chapter 11 cases. After conferring with Campbell, Campbell's private attorney, and Davis, the respondent prepared the bankruptcy petition

---

1. We publicly censured Mark Davis for his role in this same matter. *See People v. Davis,* 950 P.2d 598 (Colo.1998).

and filed it the following Monday, November 15, 1993.

On the same day the petition was filed, the debtor made a payment of $5,031 by way of two checks payable to Born Again which were endorsed to the respondent and Mark Davis, the respondent's co-counsel. The $5,031 was a payment for pre-petition legal services and an advance fee for services to be performed after the petition was filed. One check for $4,000 was placed in Davis's trust account and cleared about December 23, 1993. The other check for $1,031 was endorsed to the respondent who deposited the check into his operating account.

Davis subsequently wrote a check to the respondent for $4,000 who placed these funds in his operating account. The respondent then gave Davis a check for about $950 for Davis's legal services. Neither the respondent nor Davis ultimately placed or kept the fees in a trust account, and they spent the money. There was no written fee agreement between the lawyers and the debtor. Campbell was never provided with a bill or an accounting of services performed, but he indicates that the funds he paid to the respondent and Davis constituted an advance fee for legal services to be performed on an hourly basis.

The case was converted to a Chapter 7 bankruptcy on February 7, 1994, and a trustee was appointed. After reviewing the financial records, the trustee moved for disgorgement of attorney fees on July 29, 1994. The debtor hired a new lawyer, who joined the trustee's disgorgement motion.

On August 8, 1994, the respondent moved for approval of his prior application of employment, but the motion was denied because the application was deficient.

A hearing on the disgorgement motion was scheduled for September 16, 1994. On September 13, the respondent filed a new application for employment. On the day of the hearing, he asked for compensation, revealing the prior payment of $5,031 and asking for an additional $1,154. He attached an accounting showing 17.7 hours of pre-petition work by Davis and himself at $150 per hour, totaling $2,655; 22.7 hours post-petition work

for $3,405; plus unspecified costs of $125. The accounting indicated that the respondent spent 15.9 hours pre-petition and 14.8 hours post-petition prior to the disgorgement motion, and 7.4 hours after.

The bankruptcy judge ruled from the bench that because the respondent and Davis had failed to make the disclosures required by 11 U.S.C. § 329 they had to disgorge all of the $5,031 paid to them within thirty days. On November 18, 1994, the bankruptcy court ordered disgorgement of the fees from the respondent and Davis, and made them jointly and severally liable for payment. The district court affirmed the bankruptcy court order. Despite the fact that he received only $950 of the fees, Davis has satisfied the entire disgorgement order. The respondent has not paid anything.

The respondent failed to file the pleadings required by federal statutes and bankruptcy rules to be employed as counsel and for disclosure and authorization of compensation, thereby violating Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). By failing to place the funds received from Born Again into a trust account, the respondent violated Colo. RPC 1.15(a) (failing to properly segregate and safeguard client funds). These funds were to be applied to fees that were as yet unearned and thus still the property of the bankruptcy estate. The respondent misappropriated these funds by spending them, and therefore violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## B. Count II.

In late 1991, the respondent filed a Chapter 13 bankruptcy petition on behalf of Audrey L. Pollard. When Pollard became aware in 1992 of collection activities with respect to a student loan she had taken out in 1983, she talked to the respondent who said he would take care of it. During the next year, Pollard continued to receive collection notices for the student loan, but the respondent always told her that he had taken care of the matter. At their last meeting, he

provided her with a copy of the first page of her file, and he instructed her to send that to the creditor.

She obtained a bankruptcy discharge in March 1995, but it did not cover her student loan. According to another bankruptcy lawyer she contacted, unless her bankruptcy plan had been amended to add the student loan to the list of creditors, which it had not been, she would have to file another bankruptcy. The hearing board found that Pollard could have discharged her student loan through her original bankruptcy. However, because it was not discharged, the Department 'of Education has garnished her paycheck for a total of $100 as of the time of the hearing in this case.

The respondent's conduct, occurring primarily before the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 6–101(A)(3) (neglecting a legal matter).

## II.

The hearing panel approved the hearing board's recommendation that the respondent be disbarred. The respondent has not appeared or otherwise excepted to the recommendation. By taking and spending the funds in the Born Again bankruptcy case without filing a statement of compensation required by federal law and failing to disgorge any of the $5,031 pursuant to the disgorgement order, the respondent misappropriated those funds. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11; *see, e.g., People v. Lavenhar,* 934 P.2d 1355, 1359 (Colo.1997) (lawyer disbarred who knowingly misappropriated check belonging to third party); *People v. Mundis,* 929 P.2d 1327, 1331 (Colo. 1996) (lawyer disbarred for knowing misappropriation of client funds, neglect of client matters, and practicing law under suspension).

In addition, his neglect and misrepresentations to Pollard caused her actual damage because her student loan was not included in the debts discharged in her bankruptcy. *See* ABA *Standards* 4.42 (suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client").

The hearing board found the following factors in aggravation: the respondent was suspended for three years in *People v. Singer,* 897 P.2d 798, 801 (Colo.1995), and has not been reinstated, *see id.* at 9.22(a) (prior discipline is an aggravating factor); the presence of a dishonest or selfish motive, *see id.* at 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); substantial experience in the practice of law, *see id.* at 9.22(i); and indifference to making restitution, *see id.* at 9.22(j). Because the respondent did not appear or offer any evidence, no mitigating circumstances were found.

Given the nature of the offenses and the factors in aggravation, disbarment is the only appropriate result. Accordingly, we accept the hearing panel's and hearing board's recommendations and order that the respondent be disbarred with readmission conditioned on making restitution.

## III.

It is hereby ordered that Thomas C. Singer, II, be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is further ordered that prior to readmission, and as a condition for readmission, the respondent must demonstrate that: (1) he has reimbursed Audrey L. Pollard for any sums she has actually lost as a result of his misconduct; and (2) he has made restitution to Mark Davis in the amount of $4,081 plus statutory interest until paid for that part of the amount Davis paid to the bankruptcy trustee pursuant to the disgorgement order. It is further ordered that the respondent pay the costs of this proceeding in the amount of

$131.41 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.