Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

The respondent, Patrick D. Williams, was charged in this attorney discipline case with neglecting three separate legal matters. A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of the hearing board that the respondent be suspended from the practice of law for six months, that he be required to undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(c), and that he be required to demonstrate prior to reinstatement that there are no medical or psychological bases that would impair his ability to fulfill his responsibilities as a lawyer. The respondent has not appeared in this court and has not excepted to the hearing panel's action. We accept the recommendation of the hearing panel.

**The PEOPLE of the State of Colorado, Complainant,**

v.

**Patrick D. WILLIAMS, Attorney–Respondent.**

**No. 91SA340.**

Supreme Court of Colorado, En Banc.

Feb. 3, 1992.

## I.

The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). He was charged with three counts of professional misconduct. The respondent's answer to the grievance complaint was stricken be-

cause the respondent unjustifiably failed to comply with the hearing board's order compelling discovery, *see People v. Ross*, 810 P.2d 659, 659 (Colo.1991), and he was judged to be in default and the factual allegations of the complaint were deemed admitted. C.R.C.P. 241.12(b); *Ross*, 810 P.2d at 659. Based upon the respondent's default and exhibits tendered by the assistant disciplinary counsel at the hearing, the board found that the following facts were established by clear and convincing evidence.

With respect to count 1, the respondent was hired by Mr. and Mrs. Ferguson in July 1988 to pursue a claim for grandparent visitation. He was paid a $500 retainer. The respondent filed a motion for grandparent visitation on November 30, 1988. During the course of his representation, the respondent failed to return the Fergusons' telephone calls, did not discuss an offer made by the opposing party (the Fergusons' former daughter-in-law) for grandparent visitation, and did not timely advise the Fergusons that the matter was finally set for hearing on May 1, 1988. At the hearing the Fergusons were granted certain visitation rights, conditioned on their obtaining affidavits from local clergy who were to supervise the initial visits. The respondent took no action to assist the Fergusons in obtaining the affidavits and did not communicate with them again. The Fergusons were compelled to hire another attorney to enforce their visitation rights.

In a second matter, the respondent represented Sandy Harris Tindall's ex-husband in post-dissolution proceedings in Adams County District Court in 1987. In 1989, despite two extensions of time granted by the court, the respondent failed to respond to Tindall's motion to amend a custody order to allow Tindall to leave the state with the children. During the resulting delay the respondent's client allegedly kidnapped the children for two weeks. After discharging the respondent, Tindall's ex-husband finally consented to the motion to amend, and Tindall's motion was granted on August 31, 1989.

In the third, and potentially most serious matter, the respondent represented Dan H. Carton in a criminal proceeding in Adams County District Court. After he was convicted and sentenced by the court, Carton informed the respondent that he wanted to appeal the sentence. The respondent told Carton that he would contact him at the jail to discuss the appeal. Nevertheless, despite numerous attempts to prompt the respondent into action by Carton, Carton's wife and friends, and even by the court, the respondent took no steps to assert or pursue an appeal or any other post-trial rights which Carton may have had. Carton eventually served the entire sentence.

## II.

The hearing board concluded, and we agree, that the respondent's conduct in all three matters violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer). Because he failed to comply with a request for discovery and with an order compelling discovery, the respondent also violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties, constitutes ground for lawyer discipline). The respondent's inexcusable inaction in each of these three matters presented at least the potential for injury to his clients. Moreover, continued and chronic neglect over extended periods of time must be considered willful. *People v. May*, 745 P.2d 218, 220 (Colo.1987).

We find standard 4.42 of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), applicable to the respondent's conduct. In the absence of aggravating or mitigating factors, suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

*ABA Standards* 4.42. The hearing board determined that the following aggravating factors were present in this case: (1) a pattern of misconduct, *id.* at 9.22(c); (2) multiple offenses, *id.* at 9.22(d); (3) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the grievance committee, *id.* at 9.22(e); (4) refusal to acknowledge wrongful nature of conduct, *id.* at 9.22(g); (5) the vulnerability of the victims, *id.* at 9.22(h); and (6) substantial experience in the practice of law, *id.* at 9.22(i).

In mitigation, the respondent has no history of prior discipline. *Id.* at 9.32(a). The panel recommended that the respondent be suspended for six months and be assessed costs, that he be required to undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(c), and that he be required to demonstrate prior to reinstatement that there are no medical or psychological bases that would impair his ability to fulfill his responsibilities as a lawyer. While harboring some reservations that the period of suspension may be somewhat lenient, we have concluded that a six-month suspension is appropriate in conjunction with the additional conditions. *See People v. Mayer,* 744 P.2d 509 (Colo.1987) (attorney suspended for six months and required to undergo reinstatement proceedings and to demonstrate his mental and emotional fitness to practice law, where there was a pattern of neglect and the attorney's mental condition contributed to the attorney's neglect of his professional responsibilities); *see also People v. Barber,* 799 P.2d 936 (Colo.1990) (pattern of neglect of client matters warrants six-month suspension); *May,* 745 P.2d 218 (same). Accordingly, we accept the hearing panel's recommendation.

### III.

It is hereby ordered that Patrick D. Williams be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Williams be required to file a petition for reinstatement and undergo reinstatement proceedings as set forth in C.R.C.P. 241.-22(c) & (d), and that he be required to demonstrate prior to reinstatement that there are no medical or psychological bases that would impair his ability to fulfill his responsibilities as a lawyer. Finally, it is ordered that Williams pay the costs of this proceeding in the amount of $215.82 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.