The PEOPLE of the State of Colorado, Complainant,

v.

Patrick D. WILLIAMS, Attorney–Respondent.

No. 92SA412.

Supreme Court of Colorado, En Banc.

Feb. 1, 1993.

Linda Donnelly, Disciplinary Counsel, and James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

The respondent in this attorney disciplinary proceeding defaulted before the Supreme Court Grievance Committee and has not appeared in this court. A hearing panel of the committee approved the recommendation of the hearing board that the respondent be disbarred, be ordered to pay restitution, and be assessed the costs of the proceeding. We accept the panel's recommendation.

I

The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). Because the respondent did not appear or answer the complaint filed by the assistant disciplinary counsel, he was found to be in default and the factual allegations of the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based upon the respondent's default, and exhibits tendered by the assistant disciplinary counsel at the hearing, the board found that the following facts were established by clear and convincing evidence.

A

Carolyn S. Smith retained the respondent on March 8, 1991, to represent her with respect to post-decree matters in a divorce

proceeding. During the course of their marriage, Smith and her former husband established a college savings fund of approximately $42,000 for their three children. Smith was concerned that the college fund was in jeopardy because her former husband had used the fund as collateral for his business loans. She asked the respondent to file for possession of the college fund and to pursue back child support which she alleged was owed by her former husband and which at that time amounted to approximately $3,500.

Smith and her former husband had obtained a decree of divorce in Georgia, and on March 8, 1991, Smith sent the respondent a $500 retainer and an exemplified copy of the Georgia divorce decree. The respondent cashed the $500 check but did not prepare the pleadings necessary to enforce Smith's rights, despite misrepresenting to Smith's current husband that the pleadings had been prepared and would be sent to Smith by Federal Express for her signature. Smith received no such documents. The respondent did not accept a certified letter from Smith dated April 26, 1991, expressing her dissatisfaction and requesting the return of her retainer, and did not reply to Smith's subsequent letter asking for the return of the $500 and the exemplified copy of the divorce decree. Smith has learned that the college fund was used to pay off the business loans of her former husband and has now been completely dissipated.

The respondent took no steps to enforce the Georgia divorce decree in Colorado, he failed to obtain either an accounting of the college fund or back child support from Smith's former husband, and he failed to return Smith's $500 retainer. As the hearing board concluded, the respondent's conduct violated DR 6–101(A)(3)[1] (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 9–102(B)(3) (a lawyer shall maintain complete records of client property in the possession of the lawyer and shall render appropriate accounts to the client regarding the property); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).[2]

## B

In September 1991 in a case in which the respondent was a party, a Boulder County deputy sheriff tried to serve the respondent with post-judgment interrogatories. The respondent attempted to avoid service of process although he was aware of the deputy sheriff's efforts to effect the service. The respondent was successfully served only after approximately seven attempts, including three to five stake-outs. The respondent's conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

## C

The respondent failed to reply to the requests for investigation filed in the above two disciplinary matters despite numerous requests that he do so, contrary to C.R.C.P.

1. On May 7, 1992, we adopted the Colorado Rules of Professional Conduct (R.P.C.) to replace the Code of Professional Responsibility, with an effective date of January 1, 1993. Because the conduct that is the basis for this disciplinary proceeding occurred prior to the effective date of the R.P.C., the Code of Professional Responsibility applies.

2. The hearing board also stated that the respondent's misrepresentation that the relevant pleadings had been prepared and would be sent to Smith would have constituted a violation of DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) had such violation been charged in the formal complaint. Because such a violation was not charged, however, and because the respondent defaulted before the grievance committee, we agree that the misrepresentation was appropriately considered only as an aggravating factor in determining the level of discipline.

241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline), and DR 1–102(A)(5).

## II

The hearing panel approved the board's recommendation that the respondent be disbarred. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Southern,* 832 P.2d 946 (Colo.1992) (lawyer disbarred for inaction in legal matters entrusted to him, for abandonment of a number of clients, and where the lawyer had been previously suspended for six months). On the other hand, suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. In *People v. Williams,* 824 P.2d 813 (Colo.1992), we suspended the respondent in this case for six months for continued and chronic neglect of three legal matters and the failure to comply with a request for discovery and an order compelling discovery. At the time, we "harbor[ed] some reservations that the period of suspension may be somewhat lenient," but we concluded that the period of suspension was appropriate in conjunction with the condition that the respondent undergo reinstatement procedures pursuant to C.R.C.P. 241.22(c). *Williams,* 824 P.2d at 815. Given the findings in the case now before us, and given that the respondent defaulted before the grievance committee and has not appeared in this court, it appears that the respondent has abandoned his practice, and that ABA *Standards* 4.41, calling for disbarment, is applicable.

In addition to abandoning Smith, the respondent utterly failed to account for or return Smith's $500 retainer, and has not returned the exemplified copy of Smith's Georgia divorce decree, despite demands that he do so. *See* ABA *Standards* 4.11 (in the absence of aggravating or mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The board also correctly noted that the respondent's avoidance of the service of process by the deputy sheriff, and his disregard of the proceedings before the grievance committee were factors in aggravation. *See Crimaldi,* 804 P.2d at 865.

The hearing board found the existence of the following factors in aggravation: (1) a prior disciplinary offense in *Williams,* 824 P.2d 813, ABA *Standards* 9.22(a); [3] (2) a dishonest or selfish motive in failing to

---

**3.** Because most of the conduct forming the basis of the present disciplinary proceeding occurred before the imposition of the six-month suspension on the respondent in *Williams,* 824 P.2d at 815, we elect to consider that suspension as more appropriately establishing part of a pattern of misconduct under ABA *Standards* 9.22(c) rather than as a prior disciplinary offense under 9.22(a). *But cf. People v. Wolfe,* 748

P.2d 789, 791 (Colo.1988) (treating letter of admonition based on conduct occurring after the conduct at issue but resulting in an earlier disposition as "part of [respondent's] disciplinary record within the meaning of C.R.C.P. 241.-15(a)," which requires "the respondent's prior disciplinary record" to be taken into consideration by a hearing board in recommending dis-

account for or return the $500 retainer, and in attempting to avoid service of process, *id.* at 9.22(b); (3) a pattern of misconduct, *id.* at 9.22(c); (4) multiple offenses, *id.* at 9.22(d); (5) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the grievance committee, *id.* at 9.22(e); (6) substantial experience in the practice of law, *id.* at 9.22(i); (7) indifference to making restitution, *id.* at 9.22(j); and (8) misrepresentation to Smith's current husband that the respondent had prepared the pleadings and would send them to Smith.[4] Because the respondent did not appear or answer before the board, no mitigating circumstances were found.

Considering the seriousness of the above misconduct, the factors in aggravation, and the absence of mitigating circumstances, we agree that disbarment is the only appropriate sanction. Accordingly, we accept the recommendation of the hearing panel, including the requirement that the respondent make restitution to Smith prior to applying for readmission.

### III

It is hereby ordered that Patrick D. Williams be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that the respondent pay restitution in the amount of $500 plus statutory interest from April 26, 1991, until paid, to Carolyn S. Smith as a condition of readmission. It is further ordered that the respondent pay the costs of these proceedings in the amount of $222.18 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

cipline). This approach to consideration of the respondent's earlier disciplinary proceeding does not affect our conclusion that disbarment is the appropriate sanction in this case.