**The PEOPLE of the State of Colorado, Complainant**

v.

**Anna M. SCHOFIELD, Respondent.**

**No. 05PDJ004.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 25, 2005.

---

On July 20, 2005, WILLIAM R. LUCERO, the Presiding Disciplinary Judge ("PDJ" or "the Court"), conducted a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). April M. Seekamp and James C. Coyle appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Anna M. Schofield ("Respondent") did not appear, nor did counsel appear on her behalf. The PDJ issues the following Report:

### REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.15(b)

*SANCTION IMPOSED: ATTORNEY DISBARRED*

### I. ISSUE

Respondent caused injury to two of her clients by knowingly converting their property, and caused serious or potentially serious injury to four of her clients by knowingly failing to perform services and engaging in a

pattern of neglect. She also failed to participate or present any mitigating evidence in these proceedings. Is the presumptive sanction of disbarment appropriate under these circumstances? The Court concludes disbarment is the appropriate sanction in this case.

## II. BACKGROUND

■ Respondent failed to participate in these proceedings, and the Court granted the People's Motion for Default on April 4, 2005. Upon entry of a default, all facts in the Complaint are deemed admitted and all rule violations in the Complaint are deemed established. *People v. Richards*, 748 P.2d 341, 346 (Colo.1987).

The factual background in this case is fully detailed in the admitted Complaint, which is hereby adopted and incorporated by reference.[1] This case essentially involves four client matters. Respondent caused injury to two of her clients by knowingly converting their property, and caused serious or potentially serious injury to four of her clients by knowingly failing to perform services and engaging in a pattern of neglect.

The facts admitted through the entry of default constitute violations of Colo. RPC 1.3 (neglect of a legal matter), 1.4(a) (failure to communicate with a client), 1.16(d) (failure to protect a client's interests upon termination of representation), 8.4(c) (knowing conversion or misappropriation of client funds), 8.4(d) (conduct prejudicial to the administration of justice) and 3.4(c) (knowing failure to comply with obligation to notify the Supreme Court concerning change of address).

## III. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. While disbarment is generally appropriate when a lawyer knowingly converts client property and knowingly fails to perform services and engages in a pattern of neglect under ABA *Standards* 4.11 and 4.41, the Court must examine the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating

and mitigating evidence pursuant to ABA *Standard* 3.0.

■ Respondent's failure to participate in these proceedings requires the Court to use the allegations set forth in the Complaint in examining the factors listed above. The Court finds Respondent breached her duties to her clients, the public, and the legal profession. The entry of default establishes Respondent's knowing mental state when she failed to perform services for her clients and converted client funds. The facts established by the entry of default also support a finding of actual and potential harm to her clients. The People presented no evidence of aggravating factors, and Respondent's failure to appear at the Sanctions Hearing precluded evidence of mitigating factors. The Court notes Respondent does not have a prior disciplinary record.

■ Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for knowing conversion of client funds absent significant mitigating factors. Knowing conversion in the context of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo*, 913 P.2d 1, 11 (Colo.1996) (quoting *In re Noonan*, 102 N.J. 157, 506 A.2d 722, 723 (1986)). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however none are presented in this case. *See In re Fischer*, 89 P.3d 817 (Colo.2004).

Disbarment is also considered an appropriate sanction in cases involving a lawyer who knowingly fails to perform services and engages in a pattern of neglect. In *People v. Murray*, 887 P.2d 1016 (Colo.1994), the Supreme Court determined that knowing failure to perform services for clients in ten separate matters constituted a pattern of

1. The Complaint is attached to this Report as Exhibit A.

neglect. As a result, and because the attorney caused potentially serious harm to the clients, the attorney was disbarred. *See also People v. Williams,* 845 P.2d 1150 (Colo.1993) (disbarment warranted when lawyer neglects legal matter, fails to return client's retainer, evades service of process, fails to respond to request for investigation, and abandons practice).

## IV. CONCLUSION

■ One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The admitted Complaint reveals a pattern of neglect affecting multiple clients, effective abandonment of those clients, and conversion of funds tendered for the performance of specific services. This combination of client abandonment plus the failure to return unearned fees warrants serious discipline. Both the ABA *Standards* and Colorado Supreme Court case law support disbarment under such circumstances, absent extraordinary factors in mitigation not presented here. Thus, upon consideration of the nature of Respondent's misconduct, her mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## V. ORDER

It is therefore ORDERED:

1. ANNA M. SCHOFIELD, attorney registration number 27480, is DISBARRED from the practice of law, effective thirty-one (31) days from the date of this Order, and her name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. ANNA M. SCHOFIELD is ORDERED to pay restitution to Keith Surber and Betty Plotz, and/or the Client Protection Fund as a condition of any application for readmission.

3. ANNA M. SCHOFIELD is ORDERED to pay the costs of this proceeding; the People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.

## EXHIBIT A

Case Number: 05PDJ004

Gregory G. Sapakoff, # 16184, Assistant Regulation Counsel, John S. Gleason, # 15011, Regulation Counsel, Attorneys for Complainant, 600 17th Street, Suite 200-South, Denver, Colorado 80202.

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### *Jurisdiction*

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 21, 1996, and is registered upon the official records of this court, registration no. 27480. She is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered and last known business address is 9004 Vance Street, # 104, Westminster, Colorado 80021.

### *Scott Surber Matter*
### *CLAIM I*

#### [Neglect of a Legal Matter— Colo. RPC 1.3]

2. On approximately May 1, 2002, Scott Surber retained the respondent to represent him in seeking recovery for injuries and losses he suffered as a result of an automobile accident. The respondent agreed to represent Scott Surber on a contingency fee basis. Accordingly, an attorney-client relationship was formed between the respondent and Scott Surber

3. Scott Surber paid the respondent a total of $380.00 for costs, including filing fees, but did not pay any attorney fees to the respondent in advance.

4. The respondent compiled information relating to Scott Surber's claims and purportedly was involved in negotiations with the insurance company for the other driver involved in the accident. Those negotiations did not result in a satisfactory settlement offer.

5. In October 2003, the respondent filed a complaint on Scott Surber's behalf in El Paso County District Court.

6. Scott Surber never received a copy of the complaint as filed by the respondent, but did receive a copy of the answer filed by counsel for the defendant in that action.

7. In approximately November 2003, Scott Surber traveled from his home in Salida, Colorado to Westminster, Colorado to meet with the respondent and to prepare answers to discovery requests served by opposing counsel. Mr. Surber provided the respondent the information necessary to respond to these discovery requests. The respondent advised Scott Surber that she would finalize the discovery responses and submit them to opposing counsel.

8. The respondent never served the discovery responses on opposing counsel.

9. The respondent also failed to submit mandatory disclosures on behalf of Scott Surber.

10. In early 2004, opposing counsel, Lori Moore, Esq., filed a motion to compel responses to the discovery.

11. On or about March 10, 2004, the court entered an order granting the motion to compel, and directed Scott Surber as the plaintiff to respond to discovery within 15 days.

12. The order was mailed by the court to the respondent as counsel of record for Scott Surber.

13. Scott Surber never received a copy of the order granting the motion to compel nor did the respondent inform him that the order had been entered. In fact, Scott Surber was under the impression that the respondent had submitted his responses to the discovery in late 2003.

14. On or about March 30, 2004, Ms. Moore filed on behalf of her client a motion to dismiss the case based upon Scott Surber's failure to comply with the order compelling discovery responses. Ms. Moore mailed a copy of her motion to the respondent at her address of record.

15. The respondent failed to submit a response to the motion to dismiss and did not inform Scott Surber that the motion had been filed.

16. On or about April 28, 2004, the court entered an order granting the motion to dismiss.

17. Scott Surber has been unable to communicate with the respondent since November of 2003, and the respondent has taken no action on behalf of Scott Surber since meeting with him in November 2003.

18. Pursuant to Colo. RPC 1.3, a lawyer shall not neglect a legal matter entrusted to that lawyer.

19. Through her conduct as described above, the respondent knowingly neglected a legal matter entrusted to her by Scott Surber, in violation of Colo. RPC 1.3. The respondent's neglect caused actual harm to Scott Surber in the form of dismissal of his case.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM II

### [Failure to Communicate with a Client—Colo. RPC 1.4(a) ]

20. Paragraphs 1 through 19 are incorporated herein as if fully set forth.

21. Scott Surber attempted to reach the respondent by telephone numerous times in late 2003 and early 2004 at the home and office telephone numbers provided to him by the respondent. Both of those telephone numbers were disconnected at that time, and have remained disconnected continuously since.

22. All further efforts by Scott Surber to contact the respondent were unsuccessful.

23. The respondent vacated the office address she provided to the Scott Surber, without notice to Scott Surber.

24. The respondent failed to provide any forwarding address or other contact information to Scott Surber.

25. Pursuant to Colo. RPC 1.4(a), a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

 

26. Through her conduct as described above, the respondent failed to comply with her obligations under Colo. RPC 1.4(a), causing actual harm to Scott Surber.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM III

**[Failure, Upon Termination of Representation, to Take Steps to the Extent Reasonably Practicable to Protect a Client's Interests, Including Giving Reasonable Notice to the Client and Allowing Time for Employment of Other Counsel—Colo. RPC 1.16(d) ]**

27. Paragraphs 1 through 26 are incorporated herein as if fully set forth.

28. Through her combined neglect and failure to communicate with Scott Surber, the respondent abandoned Scott Surber as a client and effectively terminated her representation after November 2003.

29. Pursuant to Colo. RPC 1.16(d), upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned.

30. The respondent knowingly violated Colo. RPC 1.16(d) by failing to give reasonable notice to Scott Surber that she was terminating her representation and by not allowing Scott Surber time to employ other counsel before important steps had to be taken in his case.

31. The respondent's violation of Colo. RPC 1.16(d) caused actual harm to Scott Surber in that he was left without counsel to respond to key motions in his case and to comply with disclosure and discovery obligations. The respondent's violation ultimately led to the dismissal of Scott Surber's claims. The potential for even greater harm existed had subsequent counsel not been able to convince the court to reinstate Scott Surber's claims.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM IV

**[Conduct Prejudicial to the Administration of Justice—Colo. RPC 8.4(d) ]**

32. Paragraphs 1 through 31 are incorporated herein as if fully set forth.

33. Pursuant to Colo. RPC 8.4(d), it is professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice.

34. Through her conduct as described above, the respondent violated Colo. RPC 8.4(d). Specifically, the respondent's conduct caused significant delay in the litigation of Scott Surber's case, caused Scott Surber to have to file additional pleadings to have his case reinstated, caused opposing counsel to respond to such pleadings, and necessitated further action by the court in considering the motion and entering an order reinstating the case.

WHEREFORE, the complainant prays at the conclusion hereof.

*Keith Surber Matter*
### CLAIM V

**[Neglect of a Legal Matter and Failure to Communicate with a Client—Colo. RPC 1.3 and Colo. RPC 1.4(a) ]**

35. In approximately November 2003, Keith Surber retained the respondent to represent him to pursue a wrongful termination lawsuit against his former attorney.

36. Keith Surber paid the respondent $2,500.00 in advance for the representation. Accordingly, an attorney-client relationship was formed between the respondent and Keith Surber.

37. Keith Surber understood that his payment to the respondent was a flat fee for the representation.

38. In approximately December of 2003, Keith Surber spoke with the respondent. At that time, the respondent told Keith Surber she would send something to Keith Surber's former employer putting it on notice of his intent to sue.

39. Keith Surber never received a copy of any correspondence between the respondent and his former employer.

40. The respondent never filed suit on Keith Surber's behalf and there is no evidence that the respondent performed any significant work on Keith Surber's behalf.

41. Keith Surber has not been able to communicate with the respondent since December of 2003. All telephone numbers provided to Keith Surber by the respondent have been disconnected and the respondent has vacated her former office address.

42. Through her conduct as described above, the respondent knowingly neglected a legal matter entrusted to her by Keith Surber, in violation of Colo. RPC 1.3.

43. Through the respondent's conduct as described above, she failed to keep a client reasonable informed about the status of a matter and failed to comply with reasonable requests for information from a client, in violation of Colo. RPC 1.4(a).

44. The respondent's misconduct in this regard has caused harm to Keith Surber in the form of significant delay and has jeopardized Keith Surber's ability to pursue his wrongful termination claim.

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VI

**[Failure, upon Termination of Representation, to Take Steps to the Extent Reasonably Practicable to Protect a Client's Interests—Colo. RPC 1.16(d) ]**

45. Paragraphs 35 through 44 are incorporated herein as if fully set forth.

46. Through her neglect of Keith Surber's legal matter and failure to communicate with her client, the respondent abandoned Keith Surber as a client and effectively terminated her representation after December of 2003.

47. The respondent did not provide services or confer a benefit upon Keith Surber to earn any of the advance fee Keith Surber paid to her at the inception of the representation.

48. The respondent has not refunded to Keith Surber any portion of the advance fee he paid to her.

49. The respondent did not give Keith Surber any notice of her intention to terminate her representation, nor did she allow Keith Surber time to employ other counsel before abandoning him as a client.

50. Pursuant to Colo. RPC 1.16(d), upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

51. Through her conduct as described above, the respondent violated Colo. RPC 1.16(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VII

**[Knowing Conversion or Misappropriation of Client Funds— Colo. RPC 8.4(c) ]**

52. Paragraphs 35 through 51 are incorporated herein as if fully set forth.

53. Through her continued failure to refund to Keith Surber the unearned retainer paid to her for the representation, the respondent has exercised unauthorized dominion or ownership over Keith Surber's funds.

54. Through this conduct, the respondent has knowingly converted or misappropriated funds belonging to Keith Surber.

55. The respondent's conduct as described above violates Colo. RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).

WHEREFORE, the complainant prays at the conclusion hereof.

 

*Charlie Endsley Matter*
### CLAIM VIII

**[Neglect of a Legal Matter and Failure to Communicate with a Client—Colo. RPC 1.3 and Colo. RPC 1.4(a) ]**

56. In approximately October 2003, Charlie Endsley retained the respondent to represent him in post-dissolution matters involving child support and parenting time. Accordingly, an attorney-client relationship was formed between the respondent and Mr. Endsley.

57. The respondent entered an appearance in Mr. Endsley's dissolution proceedings in Chaffee County District Court, Case No. 99DR64.

58. On March 19, 2004, the respondent appeared with Mr. Endsley for a hearing with respect to a motion to modify custody or decision making and parenting time. The respondent requested that the hearing be rescheduled due to a conflict with the judge assigned to the case.

59. The case was reassigned and the hearing was rescheduled for April 5, 2004.

60. On April 5, 2004, the respondent appeared approximately one hour late for the proceedings.

61. The respondent had not worked with Mr. Endsley to prepare for the hearing and was generally ill prepared for the proceedings. The hearing did not go well for Mr. Endsley

62. Since the date of the hearing, Mr. Endsley has attempted to contact the respondent by telephone and by mail regarding his continuing concerns in the case. Mr. Endsley has not been able to contact the respondent because all telephone numbers provided to him by the respondent have been disconnected. He has not received any response to any of his correspondence.

63. The respondent has never formally withdrawn from representation in Mr. Endsley's case.

64. Pursuant to Colo. RPC 1.3, a lawyer shall not neglect a legal matter entrusted to that lawyer.

65. Through her conduct as described above, the respondent neglected Mr. Endsley's case, in violation of Colo. RPC 1.3.

66. Pursuant to Colo. RPC 1.4(a), a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information from a client.

67. Through her conduct as described above, the respondent violated Colo. RPC 1.4(a).

68. The respondent's conduct as described above caused potential harm to Mr. Endsley in that the respondent was not well prepared for the hearing in Mr. Endsley's case and the respondent has caused actual harm because she has been unavailable to Mr. Endsley since the date of that hearing.

WHEREFORE, the complainant prays at the conclusion hereof.

*Betty Plotz Matter*
### CLAIM IX

**[Neglect of a Legal Matter and Failure to Communicate with a Client—Colo. RPC 1.3 and Colo. RPC 1.4(a) ]**

69. On approximately March 1, 2003, Betty Plotz retained the respondent to represent her in post-dissolution proceedings in Jackson County District Court.

70. The respondent agreed to handle the matter for a flat fee of $3,500.00. Ms. Plotz paid $3,000.00 to the respondent on or about May 1, 2003, and paid another $500.00 on approximately June 27, 2003.

71. An attorney-client relationship was formed between the respondent and Ms. Plotz.

72. The respondent prepared a letter to Ms. Plotz's former spouse demanding that he comply with court orders concerning payment of college expenses for one of their children. After doing so, and showing a copy of the letter to Ms. Plotz, the respondent recommended filing a contempt motion without sending the letter first. Accordingly, the respondent never sent the letter.

73. After preparing the letter that she never sent, the respondent failed to perform

any further work in regard to Ms. Plotz's case.

74. The last communication Ms. Plotz had with the respondent was in June of 2003. Thereafter, Ms. Plotz was unable to reach the respondent by telephone.

75. For a period of time, Ms. Plotz was able to leave voice-mail messages for the respondent that were never returned. Eventually, all phone numbers Ms. Plotz had been given by the respondent were disconnected.

76. Correspondence Ms. Plotz sent to the respondent at the respondent's registered address were returned as undeliverable.

77. Pursuant to Colo. RPC 1.3, a lawyer shall not neglect a legal matter entrusted to that lawyer.

78. Through her conduct as described above, the respondent knowingly neglected a legal matter entrusted to her by Ms. Plotz, in violation of Colo. RPC 1.3.

79. Pursuant to Colo. RPC 1.4(a), a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information from a client.

80. Through her conduct as described above, the respondent violated Colo. RPC 1.4(a).

81. The respondent's misconduct as described above has caused harm to Ms. Plotz in the form of substantial delay and has helped to thwart Ms. Plotz in her efforts to obtain the post-dissolution relief she seeks.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM X

**[Failure, upon Termination of Representation, to Take Steps to the Extent Reasonably Practicable to Protect a Client's Interests—Colo. RPC 1.16(d) ]**

82. Paragraphs 69 through 81 are incorporated herein as if fully set forth.

83. Through her neglect of Ms. Plotz's legal matter and her failure to communicate with Ms. Plotz, the respondent abandoned Ms. Plotz as a client and effectively terminated her representation of Ms. Plotz after June of 2003.

84. The respondent substantially failed to provide services for which she was paid in advance and failed to confer any benefit upon Ms. Plotz that would entitle her to retain any of the advance payment.

85. The respondent has not refunded to Ms. Plotz any of the unearned retainer paid to her by Ms. Plotz.

86. The respondent did not give Ms. Plotz reasonable notice of her intent to terminate the representation, nor did she allow Ms. Plotz an opportunity to employ other counsel before abandoning Ms. Plotz as a client.

87. Pursuant to Colo. RPC 1.16(d), upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned.

88. Through her conduct as described above, the respondent violated Colo. RPC 1.16(d).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM XI

**[Knowing Conversion or Misappropriation of Client Funds— Colo. RPC 8.4(c) ]**

89. Paragraphs 69 through 88 are incorporated herein as if fully set forth.

90. The respondent has continued to exercise unauthorized dominion or ownership over funds belonging to Ms. Plotz which she did not earn through her representation.

91. Through this conduct, the respondent has knowingly converted or misappropriated funds belonging to Ms. Plotz.

92. The respondent's conduct as described above violates Colo. RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM XII

**[Knowing Failure to Comply with Obligation Under C.R.C.P. 227(2)(b) to Notify the Supreme Court Concerning Change of Address—Colo. RPC 3.4(c) ]**

93. Paragraphs 69 through 92 are incorporated herein as if fully set forth.

94. Pursuant to C.R.C.P. 227(2)(b), a lawyer in Colorado is required to notify the Colorado Supreme Court of any new business and/or home address within 30 days after a change of such address.

95. The respondent knew of her obligation under C.R.C.P. 227(2)(b) or is deemed, as an attorney licensed to practice law in Colorado, to have known of the rule and its import.

96. The respondent, in 2003, provided to the Colorado Supreme Court Attorney Registration Office the address of 9004 Vance Street, #102, Westminster, Colorado 80021, as her sole registered address.

97. By late 2003, the respondent vacated her registered address and has provided no other address, either home or business, to the Attorney Registration Office of the Colorado Supreme Court. The respondent has also failed to provide any new address to the Office of Attorney Regulation Counsel or to her clients.

98. Through her conduct as described above, the respondent knowingly failed to comply with the requirements of C.R.C.P. 227(2)(b). Such conduct violates Colo. RPC 3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal).

WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct as specified above; the respondent be appropriately disciplined for such misconduct; the respondent be required to refund unearned fees to Keith Surber and Betty Plotz, and/or the client protection fund pursuant to C.R.C.P. 252.14(b); the respondent be required to take any other remedial action appropriate under the circumstances; and the respondent be assessed the costs of this proceeding.

