**The PEOPLE of the State of Colorado, Complainant,**

v.

**Douglas R. ASMUS, Respondent.**

**No. 06PDJ018.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Sept. 15, 2006.

## REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

On August 23, 2006, the Presiding Disciplinary Judge ("THE COURT") held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). James C. Coyle appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Douglas R. Asmus ("Respondent") did not appear, nor did counsel appear on his behalf. The Court issues the following Report, Decision, and Order Imposing Sanctions.

## I. ISSUE

Disbarment is generally appropriate when a lawyer engages in a pattern of neglecting client matters and causes serious injury. Disbarment is also generally appropriate, absent significant evidence of mitigation, when a lawyer knowingly converts client property and causes injury. Respondent neglected two clients, knowingly converted their funds, and engaged in other misconduct. Respondent failed to participate in these proceed-

ings and provided no evidence of mitigation to offset several aggravating factors. Is disbarment the appropriate sanction?

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The People filed a complaint with the Court on March 15, 2006. Respondent failed to file an answer in this case and the Court granted the People's Motion for Default on June 7, 2006. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards,* 748 P.2d 341, 346 (Colo. 1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[1] Respondent took and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on May 26, 1988, and is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 17397. The allegations in this case arise from Respondent's representation in two client matters.

### The Jelle Matter

On March 9, 2004, Todd Jelle retained Respondent to defend him in a lawsuit filed by Mr. Jelle's siblings. The lawsuit alleged that Mr. Jelle, as the personal representative for their grandfather's estate, had failed to properly distribute assets. Mr. Jelle paid Respondent a $10,000.00 retainer fee, but never signed a written fee agreement. Respondent never placed the retainer fee into a COLTAF or other trust account.

Respondent filed a response and jury demand on behalf of Mr. Jelle. However, he thereafter failed to file C.R.C.P. 26 disclosures and failed to prepare responses to discovery on behalf of Mr. Jelle. On August 31, 2004, the court ordered Mr. Jelle to provide all requested discovery to the plaintiffs on or before September 15, 2004. Respondent failed to respond to the order and never

1. *See* the People's complaint filed March 15, 2006.

contacted Mr. Jelle with regard to the order. On October 15, 2004, the court ordered Mr. Jelle to pay $533.25 to plaintiffs' counsel on or before November 1, 2004.

Plaintiffs thereafter filed a Motion to Continue Trial based on Respondent's failure to produce discovery and filed a Verified Motion for Issuance of Citation and Order to Show Cause requesting that the court order Mr. Jelle to state why he had not complied with previous court orders regarding discovery. On December 6, 2004, the court reset the trial and ordered that Mr. Jelle would be precluded from presenting evidence at trial that had not been disclosed as previously ordered by the court. Respondent did not contact Mr. Jelle about any of these events or consequences.

On August 19, 2005, Respondent was administratively suspended from the practice of law. Respondent failed to withdraw from the Jelle case and failed to notify Mr. Jelle, opposing counsel, or the court of his suspension. The court and opposing counsel tried to contact Respondent on a number of occasions without success.

On October 19, 2005, the clerk of court called Mr. Jelle at home and left a voicemail stating that the trial would commence on Thursday, October 20, 2005. The clerk also informed Mr. Jelle that it appeared Respondent had been suspended from the practice of law. Mr. Jelle knew nothing about the suspension or the trial date. He subsequently filed a hand-written Motion for Continuation of Trial and asked for a continuance until he could secure new counsel.

The parties all appeared on the trial date of October 20, 2005. Mr. Jelle's sister had traveled from out-of-state to attend the trial. Respondent failed to appear. The court granted Mr. Jelle's motion to continue and then awarded the plaintiffs costs, attorney fees, and travel expenses. On November 1, 2005, the court ordered Mr. Jelle and Respondent to pay $1,484.68 to the plaintiffs before January 5, 2006 for the attorney fees and costs associated with delays in the matter. Respondent did not pay the $1,484.68 before the deadline.

Respondent violated Colo. RPC 1.3 when failed to act with reasonable diligence and promptness and completely neglected Mr. Jelle's case. He also violated Colo. RPC 1.4(a) and (b) when he failed to keep Mr. Jelle reasonably informed about the status of his case and failed to comply promptly with reasonable requests for information.

On November 1, 2005, the trial court ordered Respondent to pay $1,484.68 to the plaintiffs on or before January 5, 2006. Respondent knowingly violated this court order and in the process Colo. RPC 3.4(c) by failing to make any payment or request an extension of time.

When Respondent failed to keep the $10,000.00 in trust for Mr. Jelle he violated Colo. RPC 1.15(a). He also failed to provide any accounting that shows he earned the $10,000.00, or a substantial majority of the sum, and failed to return any portion of the retainer to Mr. Jelle despite numerous requests. Respondent knowingly exercised dominion or ownership over funds held on behalf of Mr. Jelle, and continued to exercise such dominion or ownership even after he was administratively suspended and unable to represent the legal interests of Mr. Jelle. Such misconduct constitutes a violation of Colo. RPC 8.4(c).

### The Pletcher Matter

In June 2004, Respondent agreed to represent Amber Pletcher in a matter to remove her name as a co-borrower on a loan administered by the Colorado Housing and Finance Authority ("CHFA"). Respondent told Ms. Pletcher he would need a $1,000.00 retainer fee.

Ms. Pletcher mailed Respondent a check for $1,000.00 on or about June 3, 2004. Respondent never placed Ms. Pletcher's funds into a COLTAF or other trust account. During the next few months, Ms. Pletcher spoke to Respondent over the phone. He told her that he had left messages with the CHFA, but that he had not received a return call. Thereafter, Ms. Pletcher left numerous voicemail messages for Respondent and he failed to return any of her calls.

In March 2005, Ms. Pletcher began leaving messages for Respondent stating that she was terminating his service and that she requested a refund of her retainer. Respondent did not return any of Ms. Pletcher's telephone messages. Ms. Pletcher's name was not removed from the mortgage and therefore she received no benefit from Respondent. Respondent has failed to refund the unused portion of Ms. Pletcher's retainer despite her requests.

Respondent violated Colo. RPC 1.3 when he failed to act with reasonable diligence and promptness and completely neglected Ms. Pletcher's case. He also violated Colo. RPC 1.4(a) and Colo. RPC 1.16(d) when he failed to comply promptly with reasonable requests for information and failed to protect Ms. Pletcher's by returning her file or otherwise protecting her interests upon his termination.

When Respondent failed to keep the $1,000.00 in trust for Ms. Pletcher he violated Colo. RPC 1.15(a). He also failed to provide any accounting that shows he earned the $1,000.00, or a substantial majority of the sum, and failed to return any portion of the retainer to Ms. Pletcher despite numerous requests. Respondent knowingly exercised dominion or ownership over funds held on behalf of Ms Pletcher, and has continued to exercise such dominion or ownership even after he was administratively suspended and unable to represent the legal interests of Ms. Pletcher. Such misconduct constitutes a violation of Colo. RPC 8.4(c).

## III. *SANCTIONS*

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose*, 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

■ Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent violated duties owed to his clients and the legal system. Respondent violated his duty to diligently and honestly represent his clients and preserve their property as well as his duty to obey obligations under the rules of a tribunal. The entry of default established that Respondent *knowingly* neglected two client matters, *knowingly* converted funds entrusted to him by his clients, and *knowingly* disobeyed the rules of a tribunal when he failed to pay $1,484.68 to the plaintiffs before January 5, 2006. The facts established by the entry of default also supports a finding of actual financial and emotional harm to Respondent's clients and to the legal profession in the delay of court proceedings.

The People alleged that several aggravating factors exist including prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of conduct, substantial experience in the practice of law, and indifference to making restitution. *See* ABA *Standards* 9.22(a), (b), (c), (d), (g), (i) and (j). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor alleged by the People. Respondent presented no evidence in mitigation.

■ The ABA *Standards* suggest that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case is disbarment.[2] Respondent completely neglected two clients and knowingly converted at least a portion of the advanced fees they paid to him. Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client and is also generally appropriate when a

---

2. Respondent also engaged in other serious misconduct including violation of a court order. The sanctions for his additional acts of misconduct range from public censure to disbarment.

lawyer engages in a pattern of neglect with respect to client matters and causes serious injury or potentially serious injury to a client. ABA *Standards* 4.11 and 4.41(c).

 In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for conversion of client funds alone. Knowing conversion or misappropriation of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo,* 913 P.2d 1, 11 (Colo.1996). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however, none are presented in this case. *See In re Fischer,* 89 P.3d 817 (Colo.2004) (finding significant facts in mitigation).

Additional Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction in cases involving a lawyer who knowingly fails to perform services and engages in a pattern of neglect. In *People v. Murray,* 887 P.2d 1016 (Colo.1994), the Colorado Supreme Court determined that knowing failure to perform services for clients in ten separate matters constituted a pattern of neglect. As a result, and because the attorney caused potentially serious harm to the clients, the attorney was disbarred. *See also People v. Williams,* 845 P.2d 1150 (Colo.1993) (disbarment warranted when lawyer neglects legal matter, fails to return client's retainer, evades service of process, fails to respond to request for investigation, and abandons practice).

Respondent's failure to properly handle and refund the advanced fees alone likely warrants disbarment. His additional misconduct in completely neglecting two client matters and violating a court order reinforces the conclusion that disbarment is the appropriate sanction in this case. Finally, Respondent's complete failure to participate in these proceedings further precludes any deviation from the presumptive sanction.

## IV. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint, without explanation or mitigation, reveal the serious danger Respondent poses to the public. He neglected two clients, knowingly converted their funds, and engaged in other misconduct that adversely reflects on his fitness to practice law. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support disbarment. Upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## V. ORDER

The Court therefore **ORDERS**:

1. DOUGLAS R. ASMUS, Attorney Registration No. 17397, is **DISBARRED** from the practice of law, effective thirty—one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. DOUGLAS R. ASMUS **SHALL** pay restitution to the Todd Jelle in the amount of $10,000.00 and the Attorney's Fund for Client Protection in the amount of $1,000.00 for the Amber Pletchler matter. Such payment of restitution **SHALL** be a condition precedent to the filing of any petition for readmission.

3. DOUGLAS R. ASMUS **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.